## CITY OF SAN ANTONIO v. BAIRD et al.
### No. 11800.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 18, 1948.

Rehearing Denied March 18, 1948.

T. D. Cobbs, Jr., Hugh R. Robertson, and Wm. C. Davis, all of San Antonio, for appellant.

Harry A. Nass, Walter Tynan, Carl Wright Johnson, and Nat L. Hardy, all of San Antonio, for appellees.

NORVELL, Justice.

The City of San Antonio brought this suit for a declaratory judgment construing Senate Bill No. 36, passed by the 50th Legislature amending Article 1583, Vernon's Ann. Penal Code. The City named as defendants two members of the San Antonio Fire Department (Cletus H. Baird and R. A. Bartlett) and two members of the Police Department (D. L. Bradshaw and E. H. Braun). These four defendants had each served for a period of twenty-five years or more in their respective departments. The petition also included as defendants all persons similarly situated.

Article 1583—2, Section 1, Vernon's Ann. Penal Code, prescribes minimum wages for members of fire and police departments of cities of 175,000 inhabitants or more. As amended by the 50th Legislature, this section reads as follows:

"It is hereby provided that in any city of this State of not less than one hundred seventy-five thousand (175,000) inhabitants

according to the last preceding Federal Census, or any succeeding Federal Census, each member of the Fire Department and of the Police Department shall receive and be paid the sum of not less than Two Hundred ($200.00) Dollars per month, and the additional sum of Ten ($10.00) Dollars per month for each five (5) years of service in such Police or Fire Department up to and including twenty-five (25) years of service in such Department, as a minimum wage for the services so rendered."

The City contends that under this Act the four named defendants would be entitled to $200 per month, as the provision for the additional sum of $10 per month for each five years of service means service from and after the effective date of the Act, September 5, 1947.

 The defendants' contention is that the "service" which under the Act qualifies one for a higher rate of pay may be service in the fire or police department before or after the passage and the effective date of the Act. The trial court rendered judgment in accordance with defendants' contention, and we approve the construction of the Act adopted by the court below. It is in accordance with the plain, unambiguous wording of the statutory enactment. The legislative intent is clear.

This construction does not render the statute either retroactive or unconstitutional. The constitutional articles relied upon by the City are Article 1, Section 16, Article 3, Section 44, and Article 3, Section 53, Vernon's Ann.Const.

The principle or practice of increasing the rate of pay in proportion to the length of service of the officer, agent or employee is one that is frequently recognized and followed by corporate and individual employers, certain federal departments and the state governments. The principle has been applied by the Congress in providing for the compensation of officers in the military service. 37 U.S.C.A. § 1.

Conceding the authority of the Legislature to fix a minimum wage for members of the police and fire departments of Home Rule Cities (and this power has been recognized, McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722; Dry v. David-son, Tex.Civ.App., 115 S.W.2d 689, wr. ref.), it follows that in fixing said wage the Legislature could consider the length of service rendered before the effective date of the Act, and provide that the more experienced men should receive a higher rate of pay. Even a pension act embodying this principle has been held constitutional. Byrd v. Dallas, 118 Tex. 28, 6 S.W.2d 738. The opinion cited supports the judgment of the trial court rendered in this cause.

The city questions the advisability of the Legislature's action in setting minimum wages for employees of a Home Rule City. The Legislature can and has passed such a minimum wage law. It is constitutional. Dry v. Davidson, Tex.Civ.App., 115 S.W.2d 689, wr. ref. It is not within our province as a part of the judicial branch of government to determine whether the Legislature was wise or unwise in adopting the Act.

The judgment appealed from is affirmed.