## AUSTIN FIRE & POLICE DEPARTMENTS v. CITY OF AUSTIN.

### No. 9828.

Court of Civil Appeals of Texas. Austin.

Nov. 2, 1949.

Rehearing Denied Nov. 16, 1949.

338

Dan Moody, J. B. Robertson, of Austin; Orville M. Jobe, of Waco, for appellants.

Trueman E. O'Quinn, City Attorney of Austin, Robert L. Burns, Assistant City Attorney, of Austin, for appellee.

ARCHER, Chief Justice.

This is a suit brought in the District Court of the 126th Judicial District of Texas by one hundred-odd named firemen and policemen of the City of Austin against the City of Austin, seeking a declaratory judgment "declaring and determining the rights and legal relationships between the Firemen and Policemen and the City of Austin under Articles 1269m, Vernon's Annotated Civil Statutes, and 1583—2, Penal Code."

The trial court held that (a) under Sec. 26 of art. 1269m, V.A.C.S., the plaintiffs were entitled to accumulate sick leave from the date of their employment rather than from the effective date of the statute, and that (b) the City of Austin was paying each plaintiff a higher wage than required by art. 1583—2. From the second ruling the plaintiffs have prosecuted this appeal.

This cause is before us on three points assigned as error by the defendant (City of Austin), as follows:

"First Point. The trial court erred in holding that under Section 26, Acts 1947, 50th Leg., p. 550, ch. 325, (art. 1269m. V.A.C.S.) each plaintiff employed prior to the effective date of said Act should be given credit for sick leave accumulated at the rate stated in said section from the date of his employment, and that upon termination of his employment, either voluntary or involuntary, should be retained on the payroll until his accumulated sick leave is all used.

"Second Point. Since Article 1269m Vernon's Annotated Civil Statutes is applicable only to cities having a population of 10,000 or more inhabitants, it is contrary to Article XI, Section 5, Constitution of Texas [Vernon's Ann.St.], and the trial court erred in not so holding.

"Third Point. The court erred in refusing to hold the Act to be contrary to Article III, Section 56, Constitution of Texas, because by the express terms of the Act it will be impossible for any other cities which obtain a population of ten thousand inhabitants subsequent to the 5th day of September, 1947, to ever be included within the provisions of the Act."

The plaintiffs (Firemen and Policemen) assign nine points as error and brief and argue them together, and which may be stated together substantially: That the court was in error in not holding that the plaintiffs should be given an increase in salary of $10 for each five years of service, not to exceed 15 years, and such increase to be in addition to the minimum in each classification as established by the salary scale of the City of Austin and not that established by art. 1583—2 Penal Code: and of error of the court in holding that the City was complying with the requirements of art. 1583—2 Penal Code by paying all firemen and policemen who had been employed for more than three years and fifteen years or less $220 per month, without regard to the five or ten years periods for the $10 increase as provided in the statute; and further that the court was in error in not holding that the $10 per month additional longevity pay for each five years of service, but not to exceed fifteen years, over and above the minimum salary established by the City for each such classification; and further that the payment of $220 per month to all firemen and policemen working more than three years, without regard to the provisions of the Article above set out, and that the employment was not required to be continuous.

The defendant has five counterpoints assigned as error to appellants' points one to

eight, to the effect that the court correctly held that the longevity pay was in addition to the minimum wage prescribed in art. 1583—2, Penal Code and not to the minimum wage paid by the City; and that appellants' point 9 as to continuous service was not pleaded or tried by the court; that the Article is a special law and not constitutional; and further that the law was not constitutional because it will be impossible for a city of a population of not less than 10,000 and not more than 40,000 to ever be included in the provisions of the Article; and not constitutional because applicable only to cities of 10,000 or more inhabitants.

■ We believe the Act to be constitutional. City of San Antonio v. Baird, Tex. Civ.App., 209 S.W.2d 224, Writ Ref., and cases cited therein; Fire Department v. City of Fort Worth, Tex.Sup., 217 S.W.2d 664.

We believe the court was in error in holding that each plaintiff employed prior to the effective date (April 27, 1948) of the Act should be given credit for sick leave accumulated at the rate stated in the section from the date of his employment, and that upon termination of his employment should be retained on the pay roll until his sick leave is used.

■ On December 7, 1948, one hundred-odd named firemen and policemen of the City of Austin brought this suit against the City of Austin seeking a declaratory judgment construing Sec. 26 of the Act and art. 1583—2 of the Penal Code.

Sec. 26 provides in part,

"Permanent and temporary employees in the classified service shall be allowed a total of sick leave with full pay computed upon a basis of one full working day allowed for each full month employed in a calendar year, with an extra day added for each four (4) months, so as to total fifteen (15) working days to an employee's credit each twelve (12) months.

"Employees shall be allowed to accumulate fifteen (15) working days or sick leave with pay in one calendar year.

"Sick leave with pay may be accumulated to a total not exceeding ninety (90) days, with the privilege of an extension of sick leave in case of exhaustion of time, providing that the said employee can conclusively prove that such illness was incurred while in performance of his duties.

"In the event that an employee of the Fire or Police Department for any reason leaves the classified service he shall remain on the pay roll until his accumulated sick leave is all used."

The statute is not, in our opinion, retroactive. Sec. 26 provides that "employees * * * shall be allowed a total of sick leave," and "shall be allowed to accumulate fifteen (15) working days * * * in one calendar year," and "sick leave * * * may be accumulated to a total not exceeding ninety (90) days," and "an employee * * * who leaves the classified service he shall remain on the pay roll until his accumulated sick leave is all used."

■ It would then appear that only employees in the classified service are allowed to accumulate sick leave benefits, and that classified service is that system created by the Act and put into use by the Commission and the city legislative body provided in the Act, and since there was no classified service prior to the adoption of the Act only employees subsequently classified would be entitled to the leave benefits. We believe that such construction of Sec. 26 carries out the legislative intent. This intent is indicated by the amendment to the original House Bill which carried a retroactive provision, striking out the fourth paragraph providing for retroactive sick leave benefits. Senate Journal, p. 948. Since retroactive sick leave benefits would have the effect of granting extra allowance to a public servant, after the services had been rendered, such an act would not be constitutional. Art. III, Sec. 53, Constitution of Texas, Vernon's Ann.St. We do not believe that the decisions in Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738, 741, and City of San Antonio v. Baird, Tex.Civ.App., 209 S.W.2d 224, Writ Ref., sustain the plaintiffs' construction of Sec. 26.

In the Dallas case it was held that under a statute providing a pension to firemen

and policemen, "who shall have contributed a portion of his salary" and "shall have served twenty years or more", service prior to the enactment of such pension statute could be taken into consideration to determine the total number of years of service of an applicant for a pension. This holding does not make a grant of compensation for prior service, but merely allows prior service to be added to service under the Act in determining eligibility for benefits to be received for future service. The Pension Act expressly required service under the Act and contribution to the Pension Fund by the firemen and policemen as a prerequisite for eligibility for a pension.

In the San Antonio case it was held that in determining the years of service of a policeman or fireman for longevity purposes under the Firemen's and Policemen's Minimum Wage Law, art. 1583—2, P.C., service rendered before the effective date of the law should be included. The court said: "Conceding the authority of the Legislature to fix a minimum wage for members of the police and fire departments * * * it follows that in fixing said wage the Legislature could consider the length of service rendered before the effective date of the Act, * * *."

Here again, there is no grant of compensation for prior service; the prior service is merely taken into consideration in determining the wage to be paid for future service.

We next consider appellants' (firemen and policemen) Point No. 2, in which complaint is made of the court's judgment holding that the City was complying with the requirements of art. 1583—2, Penal Code by paying all firemen and policemen, who had been employed for more than three years and fifteen years or less, $220 per month.

Under the provisions of art. 1583—2, Penal Code the City of Austin is required to pay each member of its firemen and policemen $180 per month as a minimum wage; and the additional sum of $10 per month for each five years of service up to and including fifteen years as a minimum wage for services rendered.

The appellants contend that the Legislature intended that such firemen and policemen should be paid an additional $10 per month over and above the pay established by the City for the various classifications, and that a fireman or policeman with a tenure of five years should be paid $10 per month more than one who had a tenure of less than five years, and with same application to the ten and fifteen years periods.

Art. 1269m, Acts 50th Legislature, provides for firemen's and policemen's civil service in cities of over 10,000 inhabitants, and establishes a civil service commission and provides for appointments of members.

The Commission is required to classify all firemen and policemen, such classification to be provided by ordinance of the City Council, which shall prescribe the number of positions of each classification, etc.

The 51st Legislature amended Sec. 8 of Art. 1269m to read, " * * * all persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority pay that he may be entitled to. * * *"

█ We believe that it was the Legislature's intent to provide that more experienced firemen and policemen should receive more money than paid one of the same classification with less tenure and service.

The fact that the City of Austin had been and is paying its policemen and firemen of similar classifications, some with less than five years service, more than the minimum pay is to be commended, but such recognition of the need for greater pay for all of its such employees should not operate to prevent men of long tenure from securing the additional pay of $10 per month for each five years of service.

█ We believe that the trial court was in error in holding that the City of Austin was complying with art. 1583—2, Penal Code by paying all firemen and policemen who had been employed for more than three years and fifteen years or less $220; but on the contrary that all of such employees

with a service tenure of five years should be paid an additional $10 per month, and likewise those with ten years an additional $20 per month, and similarly those with fifteen years should receive an additional $30 per month.

We believe that this was the legislative intent in the enactment of an amendment to art. 1269m, Vernon's Ann.Civ.St., wherein this provision is included: "All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority pay that he may be entitled to."

And this clearly evidences the intent of the Legislature that it was intended that seniority should be rewarded.

In City of San Antonio v. Baird, Tex. Civ.App., 209 S.W.2d 224, 225, Writ Ref., this statement is made:

"The principle or practice of increasing the rate of pay in proportion to the length of service of the officer, agent or employee is one that is frequently recognized and followed by corporate and individual employers, certain federal departments and the state governments. The principle has been applied by the Congress in providing for the compensation of officers in the military service. 37 U.S.C.A. § 1.

"Conceding the authority of the Legislature to fix a minimum wage for members of the police and fire departments of Home Rule Cities (and this power has been recognized, McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722; Dry v. Davidson, Tex.Civ.App., 115 S.W.2d 689, wr. ref.), it follows that in fixing said wage the Legislature could consider the length of service rendered before the effective date of the Act, and provide that the more experienced men should receive a higher rate of pay. Even a pension act embodying this principle has been held constitutional. Byrd v. Dallas, 118 Tex. 28, 6 S.W.2d 738. The opinion cited supports the judgment of the trial court rendered in this cause."

The judgment of the trial court is reversed and judgment is here rendered in favor of plaintiffs that all of such employees with a service tenure of five years should be paid an additional $10 per month, and likewise those with ten years an additional $20 per month, and similarly those with fifteen years should receive an additional $30 per month; and that employees are entitled to accumulate sick leave benefits only from the effective date of Sec. 26, art. 1269m, V.A.C.S.

Reversed and rendered.

HUGHES, J., dissents in part.

HUGHES, Justice (dissenting).

In so far as the majority holds that officials of the City of Austin are violating Penal Code art. 1583—2, V.A.P.C., and are subject to fines of $100 a day for the past year or so, I respectfully dissent.

The undisputed record shows:

According to the 1940 Federal Census Austin had a population of 87,930.

In 1947, the Legislature amended art. 1583 of the Penal Code by adding art. 1583—2, which, so far as pertinent here, provides:

"It is provided further, that in all cities in this state with inhabitants thereof between ten thousand (10,000) and one hundred seventy-five thousand (175,000) according to the last preceding Federal Census, each member of the Fire Department and of the Police Department shall receive and be paid the following sums per month according to the population of each such city * * *; in all such cities with inhabitants of forty thousand and one (40,-001) to one hundred thousand and one (100,001) inhabitants, such minimum salaries shall be One Hundred Eighty ($180.-00) Dollars per month; * * * and in all such cities the additional sum of Ten ($10.00) Dollars per month for each five (5) years of service in such Fire or Police Department up to and including fifteen (15) years of service in such Department as a minimum wage for the services so rendered; * * *.

"Any city official, or officials, who has charge of the Fire Department or Police Department, or who is responsible for the fixing of the wages herein provided in any such city, who violates any provision of this Act, shall be fined not less than Ten

($10.00) Dollars nor more than One Hundred ($100.00) Dollars; and each day on which such city official, or officials, shall cause or permit any violation of this Act shall constitute and be a separate offense."

The lowest salary paid any fireman or policeman of the City of Austin is $190 per month. Every fireman and policeman with five years of service is paid more than $190 per month; every fireman and policeman with ten years service is receiving more than $200 per month; and every fireman and policeman with fifteen years service is receiving more than $210 per month.

The law, quoted above, requires that every fireman and policeman of the City of Austin be paid "minimum salaries" of $180 per month and "the additional sum of $10 per month for each five years of service * * * as a minimum wage for the services so rendered."

A minimum wage certainly means that an employee could not be paid less than the amount stipulated. The highest minimum wage that any fireman or policeman of Austin, with less than five years service, is entitled to under the plain ordinary language of the statute is $180 per month, with five years service $10 is added to make the minimum wage $190 per month, with ten years service $20 is added to make the minimum wage $200 per month, and with fifteen years service $30 is added to make the minimum wage $210 per month.

The firemen and policemen and the majority of this court say (by inference at least) that because the City of Austin pays a flat salary (more than required by law) without breaking it down into so much for base pay and so much for longevity, that the longevity payment must be added to the flat salary. Art. 1583—2 contains no such requirement and it should not be read into the statute.

They also say that while each fireman and policeman is receiving at least $180 per month base pay and at least an additional $10 per month for each five years of service, that this does not satisfy the mandate of art. 1583—2, supra, because some firemen and some policemen receive more than this amount. The warrant for this holding is not to be found in such statute. Such stat-

ute contains no restriction upon the maximum salary which the city may pay to a fireman or policeman. There are other considerations, besides length of service, which determine the value of a man's hire—ability, dependability, loyalty, demeanor—just to mention a few. Yet, the majority necessarily holds that the city must forego any reward for these attributes.

The majority relies upon certain language, set out in its opinion, of an amendment to the Firemen's and Policemen's Civil Service Act by the 51st Legislature, Acts 1949, p. 1114.

This language, to me, is not controlling, nor even persuasive, because:

1. The provisions of art. 1583—2, supra, before the court for construction, are not in the least ambiguous or uncertain.

2. Such amendment does not purport to amend Penal art. 1583—2.

3. Such amendment is not in pari materia with art. 1583—2.

4. The 51st Legislature, which amended the Firemen and Policemen's Civil Service Act, also amended the very statute which is before the court in this case. See Chap. 522, Act 51st Leg., p. 951, which amends P.C. art. 1583—2.

This Act raises the minimum wage of firemen and policemen, but provides: "Section 1-a: The provisions of this Act shall not apply to those cities which are paying on the effective date hereof salaries in excess of the minimums provided for herein so long as such cities continue to pay the minimum salaries designated in Section 1 hereof."

Another new section has also been added which reads: "Provided further, that all municipal governments affected by this Act shall, within thirty (30) days following enactment, set up classifications in Police and Fire Departments providing for duties under such classifications and specifying salary for each classification; and thereafter any member of any Fire and Police Department who is called upon to perform the duties under any such classification shall be paid the salary provided therefor for such period as he performs such duties." § 3.

No attempt by me is made to construe any of the provisions of the 1949 Minimum Wage Act for Firemen and Policemen, but it is cited to show that when the Legislature changes the law as to minimum wages for firemen and policemen it does so by amending the very statute which not only prescribed the minimum wage but provided a penalty for its violation, and does not, as indicated by the majority, bring about such change by a statement made in some extraneous act.

Furthermore, the probability is, as it seems to me, that the 51st Legislature in making the recitation, relied upon by the majority, was giving its interpretation of the Minimum Wage Law enacted by it only nineteen days previously and was not thinking of the statute now before the court.

In my opinion no rules of construction are needed to understand the meaning of, and legislative intent found in, the language of this statute, but if so the rule to apply is one of strict construction since the statute is penal and because it invades the orbit of local self government of cities which are popularly called Home Rule Cities.

As I view the statute the minimum wage is definite and is the one fixed by the Legislature. As the majority views the statute, the minimum wage is so indefinite that the maximum minimum wage is limitless, and is not the minimum wage set by the Legislature but is one established by the city.

The trial court's judgment in this respect should be affirmed.