CITY OF SAN ANTONIO ET AL v. JOHN L. BRADY ET AL.

No. A-6896. Decided July 23, 1958.
(315 S.W. 2d Series 597)

*Carlos C. Cadena,* City Attorney, *Charles L. Smith,* Assistant City Attorney, both of San Antonio, for petitioners.

*Porter, Madalinski & Mondin, Dobbins, Howard & Smith,*

all of San Antonio, for respondents.

PER CURIAM.

The sole point presented by the City in its application for writ of error is predicated on the asserted proposition that Art. 1269m, Vernon's Texas Civ. Stat., is unconstiutional in that it is a local or special law on account of the limiting provision of Section 27(a) of that statute. The City contends that the Act is applicable, therefore, only to cities which had a population of 10,000 or more according to the 1940 Federal census; and thus, any cities which increased their population over 10,000 subsequent to that date could not qualify.

The City frankly admits that all attacks on Art. 1269m grounded on that or any other theory have failed and that the Act has been declared constitutional by more than one decision of the appellate courts. See The City of Fort Worth v. Fire Department of the City of Fort Worth, 213 S.W. 2d 347, affirmed, 147 Texas 505, 217 S.W. 2d 664; Austin Fire and Police Depts.

v. City of Austin, 224 S.W. 2d 337; affirmed, 149 Texas 101, 228 S.W. 2d 845; Glass v. Smith, 150 Texas 632, 244 S.W. 2d 645.

But the City urges that in none of these opinions is Section 27(a) discussed or referred to.

Section 1 of Art. 1269m reads:

"There is hereby established in all cities in this State having a population of ten thousand (10,000) or more inhabitants, according to the last preceding Federal Census, and having a paid Fire Department and Police Department, a Firemen's and Policemen's Civil Service."

Section 27(a) limits the application of the statute thus:

"Provided, however, that the provisions of this Act shall not apply to any city unless first determined at an election which shall be called within ninety (90) days from the effective date of this Act, * * *."

The caption of the Act reads, in part, as follows:

"* * * Providing that special elections shall be called ninety (90) days after the effective date of this Act, in each city, to determine if cities shall adopt the provisions of this Act. * * *."

Assuming, but not deciding, that the Act would be a special law and thus violative of Art. III, Section 56, of the State Constitution, if it applied only to those cities having a population of 10,000 or more, according to the 1940 Federal Census, and not to those that might increase their population to the statutory number according to a later census, nevertheless we are of the opinion that that construction is untenable. We agree rather with the view that, construing the entire Act, the intent of the Legislature was that the Act should not only be applicable to those cities having a population of 10,000 or more, according to the 1940 Federal Census, the one last published prior to the date on which the Act became a law, but also to cities which subsequently might be found by a later census to have attained that many inhabitants.

█ It is well settled that a legislative act may be made effective on a date different from that on which it becomes a law. State Highway Dept. v. Gorham, 139 Texas 361, 162 S.W. 2d 934; Popham v. Patterson, 121 Texas 615, 51 S.W. 2d 680; Keaton

v. Whittaker, 104 Texas 628, 143 S.W. 607. It is also well settled that an act may be made effective upon the happening of a future contingent event. State Highway Dept. v. Gorham, supra; Trimmier v. Carlton, 116 Texas 572, 296 S.W .1070, 1080.

In State Highway Dept. v. Gorham, supra, this court had to decide whether an employee of the State Highway Department was entitled to workmen's compensation benefits, under Art. 6674s, V.A.T.S., for injuries sustained on December 7, 1937. The Act providing for workmen's compensation insurance for employees of the Department became a law on June 11, 1937. Section 3 of the Act provided: *"After the effective date of this law* any employee * * *, who sustains an injury in the course of employment shall be paid compensation as hereinafter provided."* In spite of that provision, this court held that the Act when read as a whole indicated a legislative intention that it should become effective on a date set by the State Highway Department (January 1, 1938) rather than the date it became a law, and accordingly denied a recovery.

■ In using the phrase, "effective date of this Act," the Legislature undoubtedly usually intends to refer to the date on which the Act becomes a law, but we think it not unreasonable to say that in providing in Section 27(a) of Article 1269m for the holding of elections within ninety days from "the effective date of this Act," the Legislature had reference not to the date on which the Act became a law but to the date on which, by virtue of its population status according to the last preceding Federal Census, the Act became effective as to a particular city. As to those cities having a population of 10,000 or more, according to the 1940 Federal Census, the effective date of the Act was coincident with the date on which it became a law. As to those cities thereafter attaining a population of 10,000 or more, the effective date of the Act is the date on which the Federal Census establishing that fact became or becomes official. Any other construction of Section 27(a) would nullify the provision of Section 1 which provides for establishment of a Civil Service in all cities having a population of 10,000 or more "according to the last preceding Federal Census." So interpreted, the Act does not violate Section 56 of Art. III of the Constitution and is not, for that reason, unconstitutional.

For the reason that other points of error decided by the Court of Civil Appeals are not brought here for review, the application is refused, no reversible error.

Opinion delivered July 23, 1958.