**SHERWOOD LANES, INC., a corporation, Appellant,**

v.

**The CITY OF SAN ANGELO, Texas, a municipal corporation, Appellee.**

**No. 12161.**

Court of Civil Appeals of Texas, Austin.

June 26, 1974.

Rehearing Denied July 17, 1974.

Frank W. Rose, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellant.

James E. Perry, Legal Dept., City of San Angelo, for appellee.

O'QUINN, Justice.

Sherwood Lanes, Inc., has appealed from judgment of the trial court holding that an ordinance of the City of San Angelo, passed in November of 1962, granting a special permit to establish a parking lot, was void and the permit not available for use in 1972, after appellant failed to avail itself of the permit within one year following passage of the ordinance.

On appeal Sherwood Lanes contends that the ordinance granting the permit, despite provision of the city's zoning code that any permit not used within one year "will be cancelled and revoked, and be of no effect," may not terminate automatically but must be repealed through the same process by which it was passed.

We will overrule appellant's points of error and affirm judgment of the trial court.

The parties stipulated in district court that the "comprehensive zoning ordinance of the City of San Angelo" was amended on November 28, 1967, by passage of Special Permit Zoning Ordinance No. 233, allowing construction of a parking lot for Sherwood Lanes on certain town lots described in the ordinance, and that enactment of the ordinance was within all the requirements of Articles 1011d, 1011e, and 1011f, Vernon's Ann.Civ.Sts. (Acts 1927, 40th Leg., p. 424, ch. 283, as amended 1949, 1953, 1961.)

The comprehensive zoning ordinance, with respect to "Special Permits," provides:

"All special permits issued under this Chapter shall be subject to the requirement that *the property for which the special permit was issued must actually be used for the use designated, within one (1) year from the date of issuance of such special permit.* If such designated use is not made of the property within the required year's time, such special permit will be cancelled and revoked, and be of no effect." (Emphasis added)

The general zoning ordinance also recognizes that "Every special permit granted under the provisions of this Chapter shall be considered as an amendment to the Zoning Chapter as applicable to the property specified."

The position of Sherwood Lanes is that the property described in the ordinance au-

thorizing the special permit did not revert automatically to the zoning classification the property held prior to enactment of the ordinance because repeal was not accomplished in accord with Articles 1011d through 1011f which require public notice, public hearings, and action by the zoning commission and the governing body of the city.

It is undisputed that the ordinance authorizing the special permit for a parking area was passed by the city commission on November 28, 1967, and that Sherwood Lanes did not begin construction of the parking lot until May 17, 1972, after lapse of nearly four and one-half years following enactment of the ordinance.

The trial court declared the special permit ordinance of 1967 "void and of no effect" and determined that the property designated in the ordinance "automatically reverted to its zoning classification as it existed immediately prior to the adoption of the Special Permit Zoning Ordinance . . . at the expiration of one (1) year from November 28, 1967," the date the legislation authorizing the permit was enacted.

■ An appellate court will sustain the judgment of the trial court if it is correct on any theory of law applicable to the record, and this is the rule even though the trial court gives no reason for its judgment. Holbrook v. City of El Paso, 377 S.W.2d 669, 671 (Tex.Civ.App. El Paso 1964, writ ref. n.r.e.).

■ The customary, if not the prevailing, method of providing for issuance of special permits in most jurisdictions is for the governing body of the city to delegate issuing power to an administrative agency. (Anderson: American Law of Zoning, vol. 3, sec. 15.10, p. 101). In Texas retention by the governing, or legislative, body of the city of power to issue special permits has been upheld by the courts. City of Lubbock v. Whitacre, 414 S.W.2d 497 (Tex.Civ.App. Amarillo 1967,

writ ref. n.r.e.), decision reviewed in 22 S. W. Law Jour. 204; Stearman v. City of Farmers Branch, 355 S.W.2d 541 (Tex. Civ.App. Dallas 1962, writ ref. n.r.e.). When the governing body authorizes a special permit by enactment of an ordinance amending the general zoning ordinance, as in this case, the enactment is an exercise of legislative power. City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 (1955); Tilley v. Rogers, 405 S.W.2d 220 (Tex.Civ.App. Beaumont 1966, writ ref. n. r.e.).

■ We hold that the trial court correctly determined that at the end of one year following enactment of the special permit ordinance, the permit not having been acted upon and used by Sherwood Lanes, the ordinance was void and the affected property continued in the zoning status it held prior to passage of the ordinance. The court's judgment is reasonably grounded on the fact that the legislation authorizing the special permit did not become effective within one year following its enactment, by reason of its not being accepted and acted upon by Sherwood Lanes, the intended permittee.

■ It was within the scope of the legislative power of the city commission to prescribe that special permits authorized by ordinance would be inoperative if not accepted and used within one year from passage of the ordinance. It is reasonable to say that in so providing, the city commission prescribed that the ordinance was to become operative on the happening of a specific contingency within one year, which was acceptance and use of the permit by Sherwood Lanes. State Highway Department v. Gorham, 139 Tex. 361, 162 S.W.2d 934 (1942); Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927); City of San Antonio v. Brady, 159 Tex. 42, 315 S.W.2d 597 (1958). Although passed in November of 1967, the ordinance was designed to become effective on the date that use of the permit began, provided such contingency occurred within one year from

passage of the legislation. City of San Antonio v. Brady, 159 Tex. 42, 315 S.W.2d 597 (1958). Since the permit was not used within the time prescribed, the amendatory ordinance did not become effective and at the end of one year was void and no longer subject to acceptance.

The judgment of the trial court is affirmed.

Affirmed.