

# The Attorney General of Texas

August 20, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Senate Education Committee
Capitol Building
Austin, Texas

Opinion No. MW-221

Re: Whether section 3.02(a)(18), Education Code, relating to the computation of retirement benefits, should be applied retroactively

Dear Senator Mauzy:

You have raised three questions concerning section 3.02(a)(18) of the Education Code [formerly section 3.02(a)(21)] which, as amended in 1979, provides as follows:

> 'Best-five-years-average compensation' means the average annual compensation received by the member as an employee during the 5 years of membership service (whether or not consecutive) in which the member earned the highest annual compensation. Compensation in excess of the limits established in the definition of 'annual compensation' shall be excluded in calculating the 'best-five-years-average compensation' except that such average for a person retiring on or after the date that such limits are removed shall be based on actual compensation paid or payable for service as an employee.

The term "annual compensation" is defined in section 3(a)(12) as:

> ...the compensation that is paid or payable to an employee by his employers for service during a school year, except that compensation in excess of $25,000 for school years after September 1, 1969, but before September 1, 1979, and compensation in excess of $8,400 for school years prior to September 1, 1969, shall not be included as annual compensation.

You state that section 3.02(a)(18) is being given "retroactive effect" by the Teacher Retirement System, the result being that individuals with annual salaries in excess of $25,000 who retire after August 27, 1979, the effective date of the amendment, will receive retirement benefits calculated on the basis of their full salary, even though at the time they performed their

services the statute provided that retirement would be calculated on a maximum of $25,000 annual salary and even though contributions to the retirement system on their behalf were limited to the first $25,000 annual earnings. You have asked the following questions:

> 1. Is it proper for the Teacher Retirement System to apply the 1979 amendments retroactively to accomplish the result described above?
>
> 2. Is the manner in which the amendment is being applied, as described above, in violation of article I, section 16 of the Constitution of the State of Texas as constituting retroactive legislation?
>
> 3. Is the manner in which the amendment is being applied, as described above, in violation of article III, section 44 of the Constitution of the State of Texas inasmuch as it is a grant of extra compensation after the public service has already been performed?

Your first and second questions are essentially the same and we will therefore consider them together. By virtue of amendments passed by the 66th legislature, section 3(a)(18) now provides that the best-five-years-average compensation for a person who retires on or after the date that the limits set forth in section 3.02(a)(12) are removed shall be based on the actual compensation paid or payable to the employee for services rendered. Section 3.02(a)(12), as amended, provides that compensation in excess of $25,000 for school years after September 1, 1969, but before September 1, 1979, and in excess of $8,400 for school years prior to September 1, 1969, shall not be included as annual compensation. The effect of these provisions is that persons retiring "on or after the date that such limits are removed," i.e., September 1, 1979, will have their best-five-years-average compensation calculated on the basis of actual compensation paid or payable to them rather than on the basis of their salary as limited by section 3.02(a)(12).

In our view, this legislation is not "retroactive" in the sense that the term is used in article I, section 16 of the Texas Constitution, which provides that "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." Retroactive legislation is generally understood to mean legislation that affects acts or transactions that occurred before the legislation came into effect. See 53 Tex. Jur. 2d Statutes §28 (1964). The amendment to section 3(a)(18), however, affects only those individuals who retire on or after September 1, 1979, which date is subsequent to the effective date of the amendment, and then only to the extent that their best-five-years-average compensation will be computed in a different manner.

Even assuming that this legislation were retroactive, moreover, it would not be prohibited under article I, section 16 of the constitution. The constitutional prohibition against retroactive legislation has been construed to apply only to laws that divest

individuals of vested rights acquired under existing laws, see, e.g., State Board of Registration for Professional Engineers v. Wichita Engineering Co., 504 S.W. 2d 606 (Tex. Civ. App. - Fort Worth 1973, writ ref'd n.r.e.); Texas Water Rights Commission v. Wright, 464 S.W. 2d 642 (Tex. 1971), and section 3.02(a)(18) does not divest anyone of any such vested right. See also Attorney General Opinion H-1121 (1978), H-634 (1975) (legislature may retroactively place obligations on the state and its agencies).

You next ask whether the amendment violates article III, section 44 of the Texas Constitution on the ground that it constitutes a grant of additional compensation after the public service has been performed. Article III, section 44 provides, in pertinent part:

> The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of same; . . .

As the interpretive commentary and the leading cases construing this provision clearly indicate, the prohibition against granting additional compensation for services already rendered was intended to prevent payments in the nature of gratuities for services already performed. See, e.g., Byrd v. City of Dallas, 6 S.W. 2d 738 (Tex. Comm'n. App. 1928); City of San Antonio v. Baird, 209 S.W. 2d 224 (Tex. Civ. App. - San Antonio 1948, writ ref'd).

Byrd v. City of Dallas, supra, involved a challenge to statutes that authorized cities with a population exceeding 10,000 to pay pensions to policemen and firemen who served 20 years in either department, filed written statements indicating their desire to become beneficiaries, and contributed a portion of their salary to the fund. The Texas Supreme Court ruled that the statutes did not violate article III, section 44 of the Texas Constitutution. After noting that the purpose of article III, sections 44, 51, 52 and 53 was "to prevent the application of public funds to private purposes; in other words, to prevent the gratuitous grant of such funds to any individual . . . whatsoever," the court observed that:

> If the pension provided for in this act is a gratuity or donation to the beneficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public purpose, then clearly it is a valid exercise of the legislative power. 6 S.W. 2d at 740.

The pension plan adopted by the City of Dallas did not, in the Court's view, violate this provision:

> The plan. . . contemplates. . . that as compensation the officers and employees named shall receive the salaries agreed upon to be paid periodically and shall be entitled to participate

in the fund provided for pensions according to the statutory plan. <u>The law pertaining to such employment is necessarily a part of the contract of employment and is read into the contract as fully as though it had been actually incorporated therein.</u> . . . When an. . . employee. . . evidences his assent to the pension scheme, he thereupon has a binding contract with his employer for the stipulated salary and likewise to be 'entitled to participate' in the fund upon the terms prescribed. <u>The right to participate in such fund is therefore not a gratuity or donation in any sense. It is as much a part of the agreed compensation as is the monthly stipend.</u> 6 S.W. 2d at 740 - 741. (Emphasis added).

The amendment to section 3.02(a) became effective August 27, 1979, and under its terms, only individuals who retire on or after September 1, 1979, are affected. Necesssarily, anyone who will be affected would have been employed as of the effective date of the amendment, and would therefore still be performing services at that time. Accordingly, under the rationale of <u>Byrd</u> and subsequent cases, see <u>City of San Antonio v. Baird</u>, <u>supra</u>, the benefits created by the amendment, which accrue only to individuals still employed and, therefore, still performing services on August 27, 1979, do not amount to a gratuity or donation or provide additional compensation after services have already been rendered. Consequently, the amendment does not violate article III, section 44 of the Texas Constitution.

## SUMMARY

Section 3.02(a)(18) of the Education Code does not violate article I, section 16 or article III, section 44 of the Texas Constitution.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Nancy Lynch