

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

May 19, 1986

Honorable Kent A. Caperton
Chairman
Committee on Criminal Justice
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-493

Re: Whether a city council, a planning commission, or a zoning board of adjustment is authorized to grant specific use permits in a home-rule city

Dear Senator Caperton:

You inquire about the zoning functions and powers of the city council, the planning and zoning commission, and the zoning board of adjustment in home-rule cities and which entity may approve and disapprove applications for exceptions, variances, and "specific use permits." The state's general zoning statute provides the procedures by which special exceptions and variances are granted by boards of adjustment, but the statute does not speak to the issuance of "specific use permits." Which entity may issue "specific use permits" depends on whether the permits constitute amendments to the zoning ordinance.

The zoning ordinances of cities are an exercise of police power delegated to cities by the state for protection of health, safety, comfort, and welfare of the public. The authority of a city to zone is governed by articles 1011a-1011j, enacted by chapter 283. Acts 1927, 40th Leg., ch. 283, at 424. Fort Worth & D.C. Railway Co. v. Ammons, 215 S.W.2d 407, 409 (Tex. Civ. App. - Amarillo 1948, writ ref'd n.r.e.). Those statutes constitute the general zoning enabling act of this state and authorize zoning ordinances by the legislative bodies of all cities, including home-rule cities. See Bellaire v. Lamkin, 317 S.W.2d 43, 44 (Tex. 1958); Porter v. Southwestern Public Service Co., 489 S.W.2d 361, 364 (Tex. Civ. App. - Amarillo 1972, writ ref'd n.r.e.); cf. V.T.C.S. art. 1175, subdivision 26.

Article 1011a grants the power of zoning to the legislative bodies of the cities. Article 1011b authorizes the legislative body to divide municipalities into zoning districts of such number, shape, and area as the legislative body deems best suited to carry out the purposes of zoning. Article 1011c sets forth the purposes of zoning and provides that zoning regulations shall be made in accordance with a comprehensive plan. Article 1011d provides for public hearings

prior to enactment of zoning regulations. Article 1011e authorizes amendments to zoning ordinances by a city's legislative body. Article 1011f directs the legislative body of a home-rule city to appoint a zoning commission which reports its zoning recommendations to the legislative body after conducting public hearings. Article 1011g provides for the appointment of a board of adjustment by the city's legislative body to grant variances from and special exceptions to zoning ordinances which the legislative body adopted.

A board of adjustment is an administrative body created for the administration of the zoning ordinance within standards set by the state statute and the ordinance. Article 1011g confers three major powers on the board: (1) to pass on special exceptions; (2) to authorize variances; and (3) to hear appeals from decisions of a building inspector or other official. The board's functions are administrative, fact-finding, and quasi-judicial in nature. See Texas Consol. Theatres, Inc. v. Pittillo, 204 S.W.2d 396, 398 (Tex. Civ. App. - Waco, 1947 no writ).

The power to authorize a variance authorizes the board to suspend the operation of the zoning ordinance under certain conditions. It allows the board to relieve the rigidity of an ordinance where, owing to special conditions, a literal enforcement of the provisions contained in the ordinance will result in unnecessary hardship. The spirit of the ordinance must be observed and the public interest must be served by the variance. See Shelton v. City of College Station, 754 F.2d 1251, 1257 (5th Cir. 1985); Board of Adjustment of the City of San Antonio v. Willie, 511 S.W.2d 591, 593 (Tex. Civ. App. - San Antonio 1974, writ ref'd n.r.e.); Harrington v. Board of Adjustment of the City of Alamo Heights, 124 S.W.2d 401 (Tex. Civ. App. - Amarillo 1939, writ ref'd).

The power to grant special exceptions allows the board to hear and decide exceptions to an ordinance in accordance with specific provisions contained in the ordinance. The ordinance itself must authorize the special exceptions and specially named uses and must provide rules and standards to guide the board. See Moody v. City of University Park, 278 S.W.2d 912, 921 (Tex. Civ. App. - Dallas 1955, writ ref'd n.r.e.).

A board of adjustment has no legislative powers, for that power is conferred by the general zoning statute on the city council as the city's legislative body. The board has no power to enact or amend zoning ordinances or to grant special exceptions or variances that amount to an ordinance amendment. See Nichols v. City of Dallas, 347 S.W.2d 326, 333 (Tex. Civ. App. - Dallas 1961, writ ref'd n.r.e.). See generally, McSwain, The Zoning Board of Adjustment, 13 Baylor L.Rev. 21, 28-31 (1961).

A planning and zoning commission appointed by the city council of a home-rule city is mandated by article 1011f.  See Coffee City v. Thompson, 535 S.W.2d 758, 764 (Tex. Civ. App. - Tyler 1976, writ ref'd n.r.e.).  The zoning commission recommends the boundaries of the various districts and appropriate uses and regulations to be enforced in the districts after the commission conducts public hearings.  The zoning commission acts in an advisory capacity in making recommendations to the city council.  As the legislative body of the city, only the city council has authority to enact or amend an ordinance prescribing the city's zoning regulations.  An amendment to a zoning ordinance approved by the zoning commission is only a recommendation of the zoning commission unless the city council adopts it.  See V.T.C.S., art. 1011e; Clesi v. Northwest Dallas Imp. Ass'n., 263 S.W.2d 820, 829 (Tex. Civ. App. - Dallas 1953, writ ref'd n.r.e.).

As a result of the need of the cities for flexibility in their zoning powers to avoid problems that result from rigid boundaries and uses in zoning ordinances, new concepts for zoning have developed in recent years which recognize that planning and zoning are a continuing process.  Cities discovered that they cannot always anticipate development and plan for all areas and all uses.  Under new zoning procedures, which may be referred to as "specific use permits" and as "planned unit developments," a city may leave certain areas free of rigid zoning conditions and regulations.  A landowner wishing to develop such an area usually works with the city's planning staff to prepare a site plan that provides the specific uses, conditions, and regulations for that tract.  These may include, among other things, the type of use, required acreage, design of improvements, open space, and traffic accessibility.  If the site plan and application for a permit for the specific development are approved and granted, the development must conform to the specific plans on which the approval is granted.  A building permit will be limited to the plans approved for the specific project.  See Hagman, Urban Planning and Land Development Control Law 117, 455 (1975).

Although the state's general zoning statute does not expressly provide for such zoning procedures, the Texas courts have upheld the planned unit procedures and the "specific use permit" method of amending a zoning ordinance.  In City of Lubbock v. Whitacre, 414 S.W.2d 497, 499 (Tex. Civ. App. - Amarillo 1967, writ ref'd n.r.e.), the court stated that

> The use of the type permit here under consideration; i.e., a Specific Use Permit, to amend a comprehensive zoning ordinance has been recognized and approved by the courts of Texas. Stearman v. City of Farmers Branch, 355 S.W.2d 541 (Tex. Civ. App. - Dallas, 1962, writ ref'd n.r.e.); Clesi v. Northwest Dallas Imp. Ass'n.,

263 S.W.2d 820 (Tex. Civ. App. - Dallas, 1953, writ ref'd n.r.e.).

If a "specific use permit" is in fact a special exception as authorized by article 1011g, its approval and issuance is included in the express powers of the board of adjustment. If such a permit amounts to the adoption or amendment of zoning regulations which only the legislative body has the power to adopt or amend, a basic zoning ordinance that undertakes to confer that power on the board of adjustment would constitute an invalid delegation of the legislative power. Tex. Const. art. II, §1; see Swain v. Board of Adjustment of City of Univ. Park, 433 S.W.2d 727, 731 (Tex. Civ. App. - Dallas 1968, writ ref'd n.r.e.); Board of Adjustment v. Stovall, 218 S.W.2d 286, 288 (Tex. Civ. App. - Fort Worth 1949, no writ).

The method of zoning in question has been described as a two-step ordinance. The first step is an ordinance adopting a generalized plan for development. The second step occurs when a developer submits a precise and detailed development plan, which is approved and adopted by a second ordinance. See Hagman, Urban Planning and Land Development Control Law 460 (1975).

Several Texas courts have found, under the situations that each addressed, that the approval and issuance of "specific use permits" constituted ordinance amendments. In Clesi v. Northwest Dallas Imp. Ass'n. supra, the basic zoning ordinance provided that a "special permit" for apartment use would be an amendment to the zoning ordinance with the property to be improved according to the plans and specifications. In Nichols v. City of Dallas, supra, the ordinance authorizing issuance of a "special permit" for multiple residence and commercial uses in residential zones was an amendment to the zoning ordinance. The court pointed out, at page 331, that the name "special permit" was not well chosen, for the legal effect of the action taken was unquestionably an amendment to the zoning ordinance. In Stearman v. City of Farmers Branch, 355 S.W.2d 541 (Tex. Civ. App. - Dallas 1962, writ ref'd n.r.e.), the court upheld use of the "special permit" method of amending the zoning ordinance to authorize development of a medical center. The application for a "special permit" was submitted to the planning and zoning commission and granted by the city council. In City of Lubbock v. Whitacre, supra, the court upheld an ordinance amendment by the city council granting a "specific use permit" for a private apartment project. In T & R Associates, Inc. v. City of Amarillo, 688 S.W.2d 622, 626 (Tex. App. - Amarillo 1985 writ ref'd n.r.e.), the court found that issuance of a "specific use permit" to allow a lounge in a retail district to serve alcoholic beverages without serving food constituted an amendment of the zoning ordinance. Cf., Sherwood Lanes, Inc. v. City of San Angelo, 511 S.W.2d 597 (Tex. Civ. App. - Austin 1974, writ ref'd n.r.e.) (governing body's

authorization of a special permit by ordinance that amends the city's general zoning ordinance is the exercise of legislative power).

The city ordinances of which we are aware that provide for "planned unit developments" and "specific use permits" based on specific site plans contemplate approval by the city's legislative body after review and recommendations by the zoning commission. We are not aware of a case dealing with a "specific use permit" that was granted by a board of adjustment or a case in which it was suggested that a "specific use permit" or a "planned unit development" was in fact a special exception authorized by article 1011g and was not a zoning ordinance amendment. If, however, a landowner requests a permit which constitutes a special exception which is of the type that may be authorized by the ordinance itself, article 1011g allows the board of adjustment to hear and decide the exception.

In addition, there is no statutory authority for the governing body of a city to delegate to the planning and zoning commission its legislative power to amend a zoning ordinance. See City of San Antonio v. Lanier, 542 S.W.2d 232, 235 (Tex. Civ. App. - San Antonio 1976, writ ref'd n.r.e.). An amendment to a zoning ordinance must be proposed and adopted with the same formality as the original ordinance. See Clesi v. Northwest Dallas Imp. Ass'n., supra, at 830. Hence, the zoning commission's function in the "specific use permit" method of amending ordinances is not to decide and grant such permits but to review specific use site plans, conduct public hearings, and submit its recommendations to the legislative body which, in turn, will approve or disapprove the applications for "specific use permits."

## S U M M A R Y

The state's general zoning statute expressly authorizes a city's board of adjustment to grant variances from and exceptions to a zoning ordinance. The state statute expressly grants the power to enact and amend zoning ordinances to the city's legislative body, which usually is the city council. A board of adjustment has no power to grant exceptions or variances that amount to an ordinance amendment. Where the approval of a "specific use permit" constitutes a zoning ordinance amendment, only the city council may approve or disapprove such a permit. Where a "specific use permit" is in fact a special exception authorized by article 1011g, V.T.C.S., a zoning board of adjustment may grant the exception. The zoning commission acts in an

advisory capacity in making zoning recommendations
to the city council.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General