This is a companion case to the case of J. M. Dickson et al. v. Navarro County Levee Improvement District No. 3, 139 S.W.2d 257, this day decided. The opinion of the Court of Civil Appeals is reported in 124 S.W.2d 946.

The suit was instituted by E. K. Atwood as relator, and while same was pending in the Court of Civil Appeals the Legislature repealed the statute under which he was authorized to represent the district as relator, Vernon's Ann. Civ.St. art. 8017, as the suit was abated by reason of such repeal, the judgments of the Court of Civil Appeals and of the district court are reversed, and the cause is dismissed.

Opinion adopted by the Supreme Court.

SHARP, J., disqualified and not sitting.

## CASUALTY UNDERWRITERS v. WHITMAN et ux.

### No. 1810—7441.

Commission of Appeals of Texas, Section B.

May 1, 1940.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Thomas & McDonald and Geo. T. Thomas, all of Big Spring, and Smith & Smith, of Anson, for defendants in error.

TAYLOR, Commissioner.

This is a workmen's compensation suit. It was filed by the insurance carrier, Casualty Underwriters, to set aside an award of the Industrial Accident Board. The employee, Bob Whitman, an adult, was killed in the course of his employment. His parents, A. W. Whitman and wife, upon a non-jury trial, recovered a lump sum judgment on their cross action for $2,155. The Court of Civil Appeals upon an appeal prosecuted by the Whitmans reversed and remanded the cause. 116 S.W.2d 908. Writ of error was granted the Casualty Underwriters.

The Whitmans were dissatisfied with their recovery because the trial judge rendered judgment upon the basis of a money wage which the deceased was receiving as an employee, instead of upon a money wage basis plus the alleged reasonable value of such training and practical education as a machinist. This training and experience is alleged to have been of the reasonable value of $25 per week to the employee, which value, it is alleged, was in the contemplation of the parties (employer and employee) at the time the contract of em-

ployment was made. This amount, it is alleged, added to his money wage, should constitute the basis for computing the rate of compensation payable to the beneficiaries.

The trial court, as reflected by its judgment, sustained what was in effect a general demurrer to the allegations of the cross action filed by the Whitmans "bearing upon the elements of training, instructions and practical education as a basis for computing the rate of compensation."

The Court of Civil Appeals predicated its reversal of the judgment upon its construction of subsection 4 of section 1 of of article 8309, R.C.S.1925, which reads: "Said wages shall include the market value of board, lodging, laundry, fuel, and *other advantage which can be estimated in money, which the employe receives from the employer as part of his remuneration. * \** (Italics ours).

It appears to be the view of the Court of Civil Appeals that the services of Johnson Machine Shop, the employer, in training and educating the employee, are of such character as to be capable of classification as an item of his wages within the statutory term, "other advantage which can be estimated in money."

■ It must be borne in mind that this case arises under the workmen's compensation act (Vernon's Ann.Civ.St. art 8306 et seq.), and is not a suit for damages; and that the provisions of the compensation statutes impliedly become a part of the contract of employment. Patton v. New Amsterdam Casualty Co., Tex.Com.App., 36 S.W.2d 1000. Counsel for the Whitmans state in their brief that prior to the present case there is none in this state interpreting the italicised portion of the above statute, and that they are unable to cite authority from the decisions of other states in support of their interpretation of the provisions in question, due to the fact that no similar provision is found in the compensation acts of any other state.

The reasoning employed in urging the interpretation insisted upon is more in keeping with that which is applicable in determining damages at common law for personal injury than with ascertaining a statutory basis for computing a rate of compensation.

It will be noted from the provision to be considered that any item of wages to be included in the term "other advantage" is limited to such advantage as "can be estimated in money." Whether the "advantage" that may accrue to an employee by way of training and experience in his employment is such an item, depends upon whether its value is capable of ascertainment in money as a wage rate.

■ The fact that training and experience as a machinist may be advantageous to an employee is apparent, but obviously such an item of advantage, being purely educational, is not subject to measurement as a money wage in the sense that the specified items of board, laundry and fuel are subject to such measurement. In a sense all employees receive benefit from their employment. Up to the time the employee reaches the maximum of his efficiency his services ordinarily become progressively more valuable. It would be rank speculation, however, to attempt to measure in money while the employee's duties are being performed, how much the experience and training he is thereby acquiring is worth per day or week in addition to the money wage he is receiving. Premiums for compensation policies are based in part upon the pay rolls of employers and must of necessity be capable of definite ascertainment in terms of money rather than in terms of an agreement which a pay roll auditor might conceivably make with the employer as to the value of an employee's training and experience.

■ If this were a damage suit the circumstance that the deceased had received the education and training here in question would be considered by the trier of facts in arriving at the amount of damages occasioned by his death; but the elements entering into the computation of the rate of compensation payable to the beneficiaries of a deceased employee, are purely statutory, and we cannot agree that the training and experience that an employee receives by virtue of his employment, has a daily or weekly money value subject to computation. For this reason we conclude that training and experience cannot be utilized in computing in money a wage that is made the basis of the rate at which compensation is payable to the beneficiaries. The experience and training which an employee receives by virtue of his employment does not meet the legislative requirement of being capable of measurement in money. Any other construction would manifestly tend to render the portion of the statute under

consideration complex, rather than simple, by introducing an added element of uncertainty in the determination of the rate of compensation, especially in those cases in which the wage rate is below the amount necessary to the awarding of the maximum compensation. The legislative purpose in limiting advantages that might accrue to an employee as a part of his wage remuneration to those capable of being estimated in money, was doubtless to avoid the uncertainties necessarily incident to speculative advantages.

The judgment of the trial court awarding compensation to the beneficiaries in the sum of $2,155 on the basis of the weekly money wage received is correct. The judgment of the Court of Civil Appeals reversing that judgment and remanding the cause is therefore reversed and the trial court's judgment is affirmed.

Opinion adopted by the Supreme Court.