AUSTIN FIRE AND POLICE DEPARTMENTS V.
CITY OF AUSTIN.

No. A-2472. Decided March 29, 1950.
Rehearing overruled April 26, 1950.
(228 S. W., 2d Series, 845.)

*Dan Moody* and *J. B. Robertson,* both of Austin, and *Orville M. Jobe,* of Waco, for petitioners, Austin Fire and Police Department.

The Court of Civil Appeals erred in holding that the plaintiffs were not entitled to accumulated sick leave from the date of their employment, subject to the limitations of Article 1269m Revised Civil Statutes, but could only accumulate sick leave from the effective date of Article 1269m, notwithstanding the date of employment. Byrd v. City of Dallas, 118 Texas 28, 6 S. W. 2d 738; Baird v. City of San Antonio, 209 S. W. 2d 224; McGuire v. City of Dallas, 141 Texas 170, 170 S. W. 2d 722.

*Trueman E. O'Quinn, Robert L. Burns* and *William T. Williams, Jr.,* all of Austin, for respondent, City of Austin.

The Court of Civil Appeals erred in holding that by paying

the wages to policemen and firemen in accordance with the classifications mentioned the city of Austin was not complying with the requirements of Article 1583-2, of the Penal code, and that said statute is a senority statute and not a minimum wage law. Miller v. El Paso County, 136 Texas 370, 150 S. W. 2d 1000; Anderson v. Wood, 137 Texas 201, 152 S. W. 2d 1084; Tom Green County v. Proffit, 195 S. W. 2d 845.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This suit was filed by more than one hundred firemen and policemen of the City of Austin against the City for a declaratory judgment determining their rights to longevity pay under an Act of the 50th Legislature, 1947, p. 246, ch. 143, amending Article 1583 of the Penal Code by adding thereto another article to be designated Article 1583-2, and also their rights to sick leave under Section 26, Acts of the same Legislature, p. 550, ch. 325, V. A. C. S. Art. 1269m. Both Acts were amended by the 51st Legislature, but this suit was filed before the effective dates of the amendments, and we are not called upon to construe them. The questions sought to be determined are fairly stated in the application filed by the firemen and policemen, from which we quote:

"(1) Whether $10.00 per month longevity pay for each five years of service for a fireman and policeman should be in addition to the minimum salary paid by the City of Austin in each classification, or in addition to the $180.00 per month minimum required by Article 1583-2, Penal Code, the minimum salary paid by the City of Austin in each classification being considerably above the statutory minimum, and with a total disregard of longevity after three years of service.

"(2) Whether sick leave under Section 26 of Article 1269m should begin to accumulate at the time of employment or on the effective date of said Article, subject, however, to the limitations contained in said section."

The trial court held against the firemen and policemen on the question of longevity pay and for them on the question of sick leave. The Court of Civil Appeals reversed the judgment of the trial court on both points, holding for the firemen and policemen on the question of longevity pay and against them on the question of sick leave, one of the justices dissenting in part on the ground that the holding should have been against the firemen and policemen on both questions. 224 S. W. 2d 337. Both sides filed applications for writs of error, which were granted.

The pertinent part of Article 1583-2 of the Penal Code reads:

"Section 1. It is hereby provided that in any city of this state of not less than one hundred seventy-five thousand (175,000) inhabitants according to the last preceding Federal Census, or any succeeding Federal Census, each member of the Fire Department and of the Police Department shall receive and be paid the sum of not less than Two Hundred ($200.00) Dollars per month, and the additional sum of Ten ($10.00) Dollars per month for each five (5) years of service in such Police or Fire Department up to and including twenty-five (25) years of service in such Department, as a minimum wage for the services so rendered.

"It is provided further, that in all cities in this state with inhabitants thereof between ten thousand (10,000) and one hundred seventy-five thousand (175,000) according to the last preceding Federal Census, each member of the Fire Department and of the Police Department shall receive and be paid the following sums per month according to the population of each such city of ten thousand (10,000) or more and up to forty thousand and one (40,001), such salary shall be One Hundred Fifty ($150.00) Dollars per month minimum; in all such cities with inhabitants of forty thousand and one (40,001) to one hundred thousand and one (100,001) inhabitants, such minimum salaries shall be One Hundred Eighty ($180.00) Dollars per month; and in all such cities from one hundred thousand and one (100,001) to one hundred seventy-five thousand (175,-000) inhabitants, such minimum salaries shall be One Hundred Ninety ($190.00) Dollars per month; and in all such cities the additional sum of Ten ($10.00) Dollars per month for each five (5) years of service in such Fire or Police Department up to and including fifteen (15) years of service in such Department as a minimum wage for the services so rendered; with the further provision that in all cities with ten thousand (10,000) or more inhabitants and up to forty thousand and one (40,001) inhabitants shall only receive the additional sum of Five ($5.00) Dollars per month for each five (5) years of service in such Fire or Police Department up to and including fifteen (15) years of service in such Department, as a minimum wage for the services so rendered; * * *."

■ This is a penal statute. Neither this court nor the Court of Civil Appeals has criminal jurisdiction. The statute does not expressly authorize a civil action to be based thereon. But we have concluded that it does so by necessary implication, and

that therefore we have jurisdiction to define the civil rights and obligations of the parties as defined therein.

■ By the last Federal Census, Austin had a population of 87,930, which places it within the 40,001 - 100,001 bracket. The minimum salary prescribed for firemen and policemen in cities in that bracket is $180.00 per month, with $10.00 per month additional for each five years of service, up to and including fifteen years of service. Under the monthly pay schedule adopted by the City all firemen and policemen who have been employed from 4 months to 6 months are paid $190.00 per month; from 6 months to 2 years, $210.00 per month; from 2 years to 3 years, $215.00 per month; from 3 years to 15 years, $220.00 per month; and for 15 years or more, $230.00 per month. It will be observed that under that schedule the lowest salary paid any fireman or policeman after four months of service is $190.00 per month, $10.00 more than the minimum prescribed by the statute. Every fireman and policeman with 5 years of service is paid more than $190.00 per month. In short, the firemen and policemen in each classification are paid more than the minimum prescribed by the statute.

It is the position of the firemen and policemen that this schedule contravenes the statute; that it was the legislative intent to cause the salaries to be increased $10.00 per month for each 5 years of service, not to exceed 15 years, and that the longevity pay should be in addition to the pay established by the City for the various classifications, even though the pay in the particular classification is equal to or more than the base pay and longevity pay prescribed by the statute as a minimum. That is to say, in effect, that the minimum wage is that fixed, not by the Legislature, but by the City of Austin, and that the Legislature has fixed the maximum wage. The majority of the Court of Civil Appeals upheld that position, one of the justices dissenting. We agree with the dissenting opinion.

It seems clear to us that the Act is a minimum wage law and that the longevity provision operates only as a standard for the measurement of the minimum wage for firemen and policemen in the various classifications. By the terms of the Act, Austin is required to pay its firemen and policemen $180.00 per month and the additional sum of $10.00 per month for each five years of service as a minimum wage. The Act sets a minimum wage only and fixes that wage as the minimum base pay plus the longevity. It does not establish a maximum wage. The construction insisted upon by the firemen and policemen would

set the maximum of each classification at $10.00 more than that of the next lower classification and thereby establish a maximum wage.

■ Whether it would be a wise policy for the Legislature to require home rule cities to standardize the wages of their firemen and policemen based solely upon seniority, disregarding all other factors, is not for us to decide, but it is our duty to decide whether it has done so by the Act under review. To hold that it has, there must be read into the express language of a minimum wage statute a further provision that, if the city desires to pay a wage higher than the prescribed minimum, all firemen and policemen in the same classification and with the same number of years of service must be paid the same salaries. The language of the Act, as we view it, does not lend itself to that construction. Austin is complying with the Act by paying each and every fireman and policeman the minimum wage fixed by it. The fact that it pays more than the minimum should not be construed as a violation of it.

The majority opinion of the Court of Civil Appeals places reliance upon language taken from an amendment by the 51st Legislature to the Firemen's and Policemen's Civil Service Act, 1949, p. 1114. The reasons why that language should not be given effect in the construction of this Act are clearly stated in the dissenting opinion filed in that court, and will not be repeated here.

■ The other question presented for decision is whether sick leave under Section 26 of Article 1269m, V. A. C. S., should begin to accumulate at the time of employment or on the effective date of the Act subject to the limitations contained in the Act. The relevant provisions of Section 26 are:

"Permanent and temporary employees in the classified service shall be allowed a total of sick leave with full pay computed upon a basis of one full working day allowed for each full month employed in a calendar year, with an extra day added for each four (4) months, so as to total fifteen (15) working days to an employee's credit each twelve (12) months.

"Employees shall be allowed to accumulate fifteen (15) working days or sick leave with pay in one calendar year.

"Sick leave with pay may be accumulated to a total not exceeding ninety (90) days, with the privilege of an extension of sick leave in case of exhaustion of time, providing that the

said employee can conclusively prove that such illness was incurred while in performance of his duties.

"In the event that an employee of the Fire or Police Department for any reason leaves the classified service he shall remain on the pay roll until his accumulated sick leave is all used."

The position of the firemen and policemen is that under the above provisions sick leave is to begin to accumulate at the time of employment, even though the employment preceded the effective date of the Act. Under that construction had a fireman or policeman who had been in the service for six years or more resigned the day after the Act became effective, he would, nevertheless, be entitled to remain on the pay roll for ninety days. The Court of Civil Appeals was unanimous in the opinion that that position could not be sustained. We are in accord with that conclusion. The very first sentence of this Section defines its scope. It is applicable to employees "in the classified service." There was no classified service prior to the effective date of the Act of which Section 26 is a part. The Act created classified service and by its terms applies exclusively to employees classified thereunder. We approve this language of the Court of Civil Appeals:

"It would then appear that only employees in the classified service are allowed to accumulate sick leave benefits, and that classified service is that system created by the Act and put into use by the Commission and the city legislative body provided in the Act, and since there was no classified service prior to the adoption of the Act only employees subsequently classified would be entitled to the leave benefits. We believe that such construction of Sec. 26 carries out the legislative intent."

Furthermore, consideration of the language of the Section as a whole leads to the conclusion that it was the intention of the Legislature that it be made applicable from its effective date. The future tense is employed throughout. The Act provides that the employees "shall be allowed to accumulate" sick leave and that sick leave "may be accumulated." The emergency clause indicates a legislative intent that the benefits of the Act should begin to accumulate at its effective date. An emergency is declared to exist because of the fact "that there is now no statutory provision dealing with the subject matter of this Act, and the fact that the passage of this Act will promote greater efficiency in the fire departments and police departments involved herein." That language evidences that the Legislature did not intend to provide a reward for past services but to promote greater efficiency in the future.

The firemen and policemen rely upon two cases, Byrd v. City of Dallas, 118 Texas 28, 6 S. W. 2d 738; and City of San Antonio v. Baird, 209 S. W. 2d 224, error refused. Those cases, in our view, do not support the position taken by them. In those cases prior service was taken into consideration for the purpose only of determining the wages to be paid or the benefits to be received for future service, while under the construction contended for in this case, compensation would be paid for prior service.

■ Under the construction which we have given to the two Acts under review, we are not called upon to decide whether they would be unconstitutional if given the construction insisted upon by the firemen and policemen. The City of Austin is not prejudiced by the statutes as we have construed them, and is therefore not in a position to challenge their validity. For that reason we do not decide the constitutional questions raised by it.

From what is written above it follows that we affirm that portion of the judgment of the Court of Civil Appeals decreeing that sick leave benefits under Section 26 of Article 1269m should begin to accumulate on the effective date of that Article and reverse that portion of the judgment decreeing that $10.00 per month longevity pay for each five years of service for firemen and policemen should be in addition to the minimum salary paid by the City of Austin in each classification, and here render judgment that the schedule of pay of the City of Austin does not violate Article 1583-2 of the Penal Code.

The judgment of the Court of Civil Appeals is affirmed in part and is reversed and rendered in part.

Opinion delivered March 29, 1950.

Associate Justice Hart not sitting.

Motion for rehearing overruled April 26, 1950.