William Donald KELLEY, Appellant,

v.

TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellee.

No. 17664.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 31, 1975.

Rehearing Denied Dec. 5, 1975.

John W. Key, Jr., Athens, for appellant.

John L. Hill, Atty. Gen., Bill A. Campbell, Asst. Atty. Gen., Austin, for appellee.

## OPINION

MASSEY, Chief Justice.

Applicable test as applied to the instant appeal is by the "Substantial Evidence Rule".

The State Board of Medical Examiners, in a prior separate and distinct action, obtained an injunction preventing William Donald Kelley, a licensed dentist, from engaging in the practice of medicine. See *Kelley v. Texas State Board of Medical Examiners*, 467 S.W.2d 539 (Fort Worth Civ.App., 1971, writ ref., n. r. e.).

After Kelley's petition for writ of certiorari in the Supreme Court of the United States was denied, with rehearing overruled June 12, 1972 (405 U.S. 1073, 92 S.Ct. 1494, 31 L.Ed.2d 807, 407 U.S. 916, 92 S.Ct. 2431, 32 L.Ed.2d 692) the State Board of Dental Examiners received complaint that Kelley had been or was guilty of dishonorable conduct, malpractice or gross incompetency in the practice of dentistry and/or that he had been or was guilty of deception or misrepresentation for the purpose of soliciting or obtaining patronage.

The complaint was docketed, with notice issued, and there was on July 28, 1973 in Dallas, Texas a hearing thereon held by the State Board of Dental Examiners. Kelley appeared and entered his plea of not guilty. The Board entered findings pursuant thereto which included one that Kelley had caused to be printed the booklet entitled "One Answer to Cancer" through the Kelley Research Foundation (bearing on its face "William Donald Kelley, D.D.S., M.S." as author) and that he circulated the booklet to persons or to his patients as alleged in the complaint upon which hearing was held; that by reason thereof and because Kelley had been found guilty of the offense of practicing medicine in Texas without a license in violation of the Texas Medical Practice Act (the subject matter in Tex.Civ. App., 467 S.W.2d 539), was guilty of obtaining a fee by fraud or misrepresentation which is prohibited by subsection (b) of Article 752b, Vernon's Texas Penal Code (now Art. 4548g of Vernon's Texas Civil Statutes).

The order of the Board was one of suspension for five (5) years. Kelley appealed

therefrom to the District Court of Tarrant County, Texas.

█ In the District Court there were a great many facts stipulated in writing by the parties and also stipulated exhibits. All stipulations were affirmative in character; in other words there was no stipulation to the effect that anything essential to the action of the Board in the nature of evidence was not existent and available at such time. Under the Substantial Evidence Rule it is not mere evidence introduced before an administrative agency to which a court looks (upon its proof) in testing the propriety of the order by the agency, but rather to the evidence which then existed—which could have been introduced—as that by which propriety of the order is tested. *Cook Drilling Co. v. Gulf Oil Corporation,* 139 Tex. 80, 161 S.W.2d 1035 (1942). The Statement of Facts brought forward shows that there was no evidence in addition to the stipulations tendered at the hearing in the District Court.

On the appeal Kelley presents his contentions of error as: (1) that the trial court erred in holding that the order of the Board of Dental Examiners had reasonable support in substantial evidence; (2) that since the Board of Medical Examiners and the Board of Dental Examiners were both but an arm or agency of the State there was collateral estoppel of proceedings to suspend his dental license; and (3) that there was want of "due process" of law under the Fourteenth Amendment of the United States Constitution.

Kelley's theory by Point of Error No. 1 is that since by prior adjudication his acts constituted the offense of illegally or improperly "practicing medicine" and since for suspension of his license as a dentist he must have been illegally or improperly "practicing dentistry" his action could not be regarded as unprofessional conduct "in the practice of dentistry". We overrule this point.

The former Article 752b, Vernon's Texas Penal Code, is now to be found in Vernon's

Texas Civil Statutes, under Title 71, "Health—Public", Chapter Nine, "Dentistry", Articles 4546a to 4551h, inclusive. Among these articles is Art. 4548g, "Unprofessional conduct".

Article 4548g reads as follows: "It shall be unlawful for any person, firm, or corporation to engage in or be guilty of any unprofessional conduct in the practice of dentistry, directly or indirectly. Any 'unprofessional conduct,' as used herein, means and includes any one or more of the following acts, to wit: . . . (b) Obtaining any fee by fraud or misrepresentation; . . . (e) Making use of any advertising statements of a character tending to mislead or deceive the public; . . . ."

Article 4548h, "Refusal, revocation, cancellation or suspension of license" provides (Sec. 4) that in instances of violation of any of the statutory provisions relative to the practice of dentistry, or any of the provisions of Chapter 7, Title 12 of the Penal Code (now under Civil Statutes, the group of articles including 4548g, etc.) the Board of Dental Examiners are authorized to revoke, cancel or suspend licenses that may have been issued upon a majority of the Board finding such an occurrence.

█ Our holding in this case is that "practicing dentistry" encompasses and includes the practicing of medicine under "color" of the practice of dentistry; and that to do so is unprofessional conduct in the practice of dentistry where a fee is obtained therefor. To collect a fee therefor under such circumstances is to obtain such by fraud or misrepresentation. Additionally, we hold, the use of the "One Answer to Cancer" booklet by Kelley was such as to support the Board's finding of a use of advertising statements of a character tending to mislead or deceive the public.

█ Likewise overruled is Kelley's second point of error, to effect that the rule of collateral estoppel prevented action to suspend his license. In this case we have an attempt to use an estoppel doctrine against

the State as it functions in a governmental and not a proprietary capacity. While there might be an exception, as where there would be no interference with the exercise of governmental functions (see *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 836 (Tex.Sup., 1970)) the rule is that where the action challenged is by the state, in its governmental capacity, for reasons of public policy there may not be an estoppel. 31 C.J.S. Estoppel § 138, p. 675, "Estoppel against Public Government, and Public Officers"; 1 A.L.R.2d 338, Comment Note: "Applicability of doctrine of estoppel against government and its governmental agencies".

■ Kelley's third point of error is not briefed. No fundamental error is apparent. We treat the point as waived for the failure to brief. T.R.C.P. 418, "Briefs: Contents." There is no unconstitutionality under the due process clause of the United States Constitution. *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).

Judgment is affirmed.