INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL UNION NO. 2390 and Alonzo Lopez, Jr., Charles Bishop, David Strubhart and Roberto Garcia, Individually and as Representative of a Class consisting of Fire Fighters employed by the City of Kingsville, Appellants,

v.

CITY OF KINGSVILLE, Appellee.

No. 1249.

Court of Civil Appeals of Texas, Corpus Christi.

April 27, 1978.

Rehearing Denied May 24, 1978.

David L. Perry, Corpus Christi, for appellants.

Reynaldo S. Cantu, Jr., Nelson R. Sharpe, Glusing & Sharpe, Kingsville, for appellee.

Francis S. Ainsa, Jr., Ainsa & Ainsa, El Paso, R. Don Cheatham, City Atty., Amarillo, amici curiae, for appellee.

## OPINION

YOUNG, Justice.

The primary issue to be determined in this appeal is whether Section 16 of The Fire and Police Employee Relations Act, Tex.Rev.Civ.Stat.Ann. art. 5154c–1 § 16 (Supp.1978)[1] provides for an unconstitutional delegation of a legislative function to the judiciary. We hold the provision to be unconstitutional.

The cause was submitted on stipulated evidence which indicates the following events. On June 7, 1975, the City of Kings-

---

1. All statutory references are to Vernon's Civ.Stat.Ann. unless otherwise noted.

ville, Texas, held an election pursuant to the provisions of Article 5154c–1, hereafter the "Act", and the Texas Election Code. At this election, a majority of the qualified electors voting, voted for the adoption of the Act as it applied to Kingsville Firefighters.

On June 9, 1975, at a regularly called meeting of the City Commission, the City Secretary read the order declaring results of the special city election, canvassing the election returns. The commission unanimously voted to pass the order and approved the canvassing of the election returns. By a letter dated October 31, 1975, appellant, International Association of Firefighters Local Union No. 2390 contacted appellee, City of Kingsville, informing the City of its intention to begin contract negotiations as soon as possible. The City agreed to begin negotiations on January 20, 1976.

On January 20, 1976, representatives of both the City and the Union met and the City asked for proof of the Union's majority representation. On February 6, 1976, the City agreed to have Honorable W. C. McDaniel, County Judge of Kleberg County, certify the majority representation status of the Union, and on February 16, 1976, Judge McDaniel certified the Union herein as the sole bargaining agent for the City's firefighters.

The City and Union met and bargained from time to time commencing February 17, 1976, and ending June 30, 1976. By agreement dated June 30, 1976, bargaining was extended to July 1, 1976.

By letter dated July 1, 1976, the Union requested arbitration, as provided for in the Act, and the City refused.

On July 12, 1976, the Kingsville City Commission passed a resolution calling for an election to repeal the adoption of the Act. Pursuant thereto, an election was held on August 14, 1976, at which a majority of the qualified electors voting voted for such repeal.

In the meantime, on July 16, 1976, the Union filed this suit asking the District Court to declare the wages and other terms of employment of Kingsville firefighters as required by Section 16 of the Act according to the standards set forth in Section 4 of the Act. In an amended petition the Union also asked the Court to set aside the August 14, 1976, election as being void and in contravention of the Act's provision which allows a repeal election to be called only when the provisions of the Act have been in effect for a period of one year. On August 16, 1976, the City Commission passed a resolution adopting the canvassing of the election which repealed the adoption of the Act.

Subsequently, in March of 1977, the City filed a motion for summary judgment alleging that the District Court was without jurisdiction to set wages and other terms of employment because Section 16 of the Act violated the separation of powers provision of the Texas Constitution; i. e., Article II Section 1.

On April 15, 1977, the District Court ordered a severance of the Union's action to declare the August 14, 1976 election void. (The severed cause will be later dealt with in the cause bearing our number 1234, *City of Kingsville v. International Association of Firefighters.*) The Court then granted the City's motion for summary judgment thereby declaring Section 16 of the Act to be an unconstitutional delegation of legislative functions to the judicial branch of government.

The Union brings this appeal alleging two points of error. We will first consider the second point which contends that the trial court erred in concluding that Section 16 of the Act is an unconstitutional delegation of legislative authority to the judicial branch.

This Court recently dealt with the recurring problem of delegation of legislative power to the judiciary in *In Re Johnson,* 554 S.W.2d 775, 779 (Tex.Civ.App.—Corpus Christi 1977, no writ). There we stated:

"Whenever an attack on the constitutionality of a statute is presented for determination, we start with the presumption that such statute is valid and that the legislature has not acted unreasonably or

arbitrarily in enacting the statute . . . The burden rests on the individual who challenges the Act to establish its unconstitutionality . . . If a statute is capable of two constructions, one of which sustains its validity, the court will give to it that interpretation which upholds the statute . . . (citations omitted).

The City seeks to uphold the trial court's judgment by arguing that the statute violates Article II, Section 1 of the Texas Constitution which prohibits any of the three branches of government from exercising any power properly attached to the other branch of government.[2] It should also be noted that Article III, Section 44 of the Texas Constitution provides that the Legislature shall provide by law for the compensation of all officers, not provided for elsewhere in the Constitution.[3]

The pertinent sections of Article 5154c–1 provide:

"Sec. 4. Cities, towns, and other political subdivisions within the state employing firefighters and/or policemen shall provide those protective service employees with compensation and other conditions of employment that are substantially the same as compensation and other conditions of employment which prevail in comparable private sector employment; therefore, compensation and other conditions of employment for those employees shall be based on prevailing private sector wages and working conditions in the labor market area in other jobs, or portions of other jobs, which require the same or similar skills, ability, and training, and which may be performed under the same or similar conditions.

Sec. 16. Should a public employer choose not to elect arbitration when arbi-

tration has been requested by an association pursuant to Sections 9, 10 and 11 hereof, on the application of the association, the state district court of the judicial district in which a majority of the affected employees reside shall have full power, authority, and jurisdiction to enforce the requirement of Section 4 hereof as to any unsettled issue relating to compensation and/or other terms and conditions of employment for firefighters and/or policemen. . . . In the event the court finds the public employer in violation of Section 4 hereof, it shall: (1) order the public employer to make the affected firefighters and/or policemen whole as to their past losses; (2) declare the compensation and/or other terms and conditions of employment required by Section 4 hereof for the period as to which the parties had been bargaining, but not to exceed a period of one year, and (3) award the employees' association reasonable attorney's fees."

The City further directs our attention to a recent Attorney General's opinion No. H–965, which holds that Section 16 of the Act violates Article II, Section 1 of the Texas Constitution.

■ It is well-settled that the Legislature cannot impose a function upon the judiciary that is legislative in nature. *State v. Southwestern Bell Telephone Company*, 526 S.W.2d 526 (Tex.Sup.1975); *In Re Johnson*, supra. The legislature, however, may delegate to a subordinate body the duty to administer and enforce its legislative function as long as the legislature prescribes sufficient and adequate standards to guide the discretion conferred. *In Re Johnson*, supra; *Moody v. City of University Park*, 278 S.W.2d 912 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.).

**2.** § 1. Division of powers; three separate departments; exercise of power properly attached to other departments.

Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments each of which shall be confided to a separate body of magistracy, to-wit: those which are Legislative to one; those which are Executive to another, and those

which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

**3.** Sec. 44. The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution.

■ Thus, the issue here becomes whether or not the Legislature prescribed sufficient guidelines to guide the District Court's discretion. We find that the Legislature did not.

Section 16 provides that in the event the public employer refuses arbitration, the District Court may consider all unsettled issues and determine whether the public employer is in violation of Section 4. If a violation of Section 4 is found, the District Court is then to set both the compensation and conditions of employment that are *substantially the same* as compensation and other conditions of employment which prevail in comparable private sector employment based upon prevailing private sector wages and working conditions in the *labor market area* in other jobs or portions of other jobs which require the same or similar skills, ability, and training and which may be performed under the same or similar conditions. The guideline for directing the District Court's discretion, that compensation and conditions of employment shall be "substantially the same" as those that prevail in private sector employment, is too subjective to prevent arbitrary and unequal application of its provisions notwithstanding the enumeration of factors the Legislature prescribed for the courts to consider.

In our complex society, the terms and conditions of employment are no longer a simple hourly wage or other easily determinable amount. In addition to a flat salary or hourly rate, conditions such as: overtime pay; seniority; sick leave; severance and lay-off pay; fringe benefits including paid vacations, training and further education, insurance benefits, and profit sharing; and special working facilities such as lunchrooms, showers, athletic clubs, and staff medical personnel, all defy quantification or comparison in a uniform manner. See *Casualty Underwriters v. Whitman*, 135 Tex. 37, 139 S.W.2d 261 (Tex.Comm'n App.1940, opinion adopted); see also *Austin Fire & Police Departments v. City of Austin*, 149 Tex. 101, 228 S.W.2d 845 (1950) (discussing differing conditions of employment). For a court to decide which of the above conditions of employment are appropriate for any particular group of firemen, subject only to a guideline of "substantially the same" would represent a policy determination which is legislative in nature. *Glass v. Smith*, 150 Tex. 632, 244 S.W.2d 645, 650 (1951); *Texas Highway Commission v. El Paso Bldg. & Const. Trades Council*, 149 Tex. 457, 234 S.W.2d 857, 862 (1950); *City and County of San Francisco v. Cooper*, 13 Cal.3d 898, 120 Cal.Rptr. 707, 534 P.2d 403, 417 (Cal.1975); see also *Christy-Dolph v. Gragg*, 59 F.2d 766 (W.D.Tex.1932); *Scott v. Texas State Board of Medical Examiners*, 384 S.W.2d 686 (Tex.Sup.1964). The generality of the guideline would force District Courts to make certain rules for the future as to how conditions of employment would be determined. Compare *Scott v. Texas Board of Medical Examiners*, supra.

In Missouri, *K. & T. Ry. Co. v. Empire Express Co.*, 221 S.W. 590 (Tex.Comm'n App.1920, jdgmt. adopted), an express company sought the issuance of a writ of mandamus to compel a railroad to provide it "reasonable and equal" facilities and rates on the railroad's lines. The trial court granted the writ and essentially set the terms of a contract between the express company and the railroad. The Court of Civil Appeals affirmed and the Commission of Appeals reversed stating that if a contract between the parties had already been negotiated, it was a proper judicial function to decide whether its provisions were reasonable and equal, but a Court's promulgating a "reasonable and equal" rate for the parties is legislative in character. Thus, the Court there refused to allow a District Court the jurisdiction to set a rate under a standard not unlike the one in the instant case; i. e., "substantially the same."

Moreover, in order to determine the wage rate and conditions of employment the district court would have to ascertain what constitutes the "labor market area." Such determination would clearly be a policy decision, in that the court would have unbridled discretion to decide the size of the labor market area. Indeed, in today's highly mobile economy and society a labor market area could conceivably be as large as an

entire region of the United States. See *Texas Highway Commission v. El Paso Bldg. & Const. Trades Council*, supra, and *Christy-Dolph v. Gragg*, supra. Furthermore, a labor market area could arguably be cities of similar size and makeup located throughout an entire state rather than the proximate geographical area.

As we stated in *In Re Johnson*, supra, at 781, a delegation of a legislative power is valid if it is so complete in all its terms and provisions when it leaves the legislative branch that nothing is left to the judgment of the recipient of a delegated power. We find that several matters are left to the judgment of the District Court, as we have pointed out, and accordingly find Section 16 of the Act to be unconstitutional.

The Union argues, however, that the determination to be made by the trial judge is no different from that made in a workmen's compensation case, Tex.Rev.Civ.Stat. Ann. art. 8309 § 1 subd. 2 (1967). We do not find this argument persuasive. A workmen's compensation case does not involve a broad policy making determination which is legislative in nature. See *Scott v. Texas State Board of Medical Examiners*, supra. But rather a workmen's compensation case concerns only those parties immediately affected. The decision to be made in a workmen's compensation case can be easily decided by a judge or a jury on evidence introduced in court. Moreover, the court's determination in a workmen's compensation case only involves the setting of "average weekly wages". 62 Tex.Jur.2d, Workmen's Compensation § 3 (1965). No subjective decision as to the other conditions and terms of employment is involved.

The brief of Amicus Curiae primarily argues that *Key Western Life Insurance Company v. State Board of Insurance*, 163 Tex. 11, 350 S.W.2d 839 (1961) is dispositive of the instant case. We disagree. *Key Western* held that a District Court could hold a trial de novo applying preponderance of the evidence review in an appeal from a Board of Insurance decision which suspended an insurance company's use of a particular insurance form. The Court there stated

that the trial court could decide whether an already existing insurance form met with certain statutory standards. *Key Western* does not, however, stand for the proposition that a court may also promulgate an insurance form, or for that matter set a rate of compensation for public employees. It is a legislative act for a court to establish what a policy form should contain or to fix a rate or prescribe a future charge; it is a judicial act, as in *Key Western*, to merely review a policy form or to review a rate or charge which is already fixed. *State v. Southwestern Bell Telephone Company*, supra. The Union's second point is overruled.

The Union's first point contends that the trial court erred in dismissing the action for want of jurisdiction for the reason that, even if the statute improperly attempts to delegate legislative authority to the judiciary, such circumstances do not deprive the court of jurisdiction and the union is nevertheless entitled to a substantial evidence review.

This point is too general to be considered. The point of error coupled with the argument in the brief allege only that the Union is entitled to a substantial evidence review of the City's actions, without directing the Court to which actions it wants reviewed. Rule 418, T.R.C.P., requires a point to direct the attention of the court to the particular error relied upon, rather than all possible actions of the City which might merit some form of substantial evidence review. See *Missouri-Kansas Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956); *Hamaker v. American States Insurance Company of Texas*, 493 S.W.2d 893 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). Moreover, a substantial evidence review, or trial under the substantial evidence rule, is the legal test for reviewing the reasonableness of an order of an administrative agency. *Gerst v. Nixon*, 411 S.W.2d 350 (Tex.Sup. 1966); *Southern Canal Co. v. State Board of Water Engineers*, 159 Tex. 227, 318 S.W.2d 619, 622–23 (1958); *Kelley v. Texas State Board of Dental Examiners*, 530 S.W.2d 132 (Tex.Civ.App.—Fort Worth

1975, writ ref'd n. r. e.). The Act herein merely provides for an arbitration panel, agreed to by both parties, to make certain findings and orders. Appeal from the arbitrator's decision is to the District Court as a trial under the substantial evidence rule. Article 5154c–1 § 14. No other administrative board or agency is established by the Act, and if the employing city refuses to arbitrate, as it did in the instant case, the Act's stipulated remedy for a Union is to bring suit in the District Court pursuant to Section 16. We find no order or agency decision in the record, nor does the Act provide for one which the court below could have reviewed by the substantial evidence rule. The Union's second point is overruled.

The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

On motion for rehearing, the Union contends that we erred in finding that its first point of error was too general to merit consideration and that it was not entitled to a substantial evidence review in the trial court. While we find that these contentions are without merit, we also note that the Union did not plead its right to a substantial evidence review in the court below nor does the record show that it brought this point to the trial court's attention. Indeed, the trial court's judgment specifically states that after the court declared Article 5154c–1 § 16 unconstitutional the "parties represented to the Court that . . . the only thing remaining before the Court for consideration was the [Union's] petition for declaratory judgment as to the validity of the election of August 4, 1976." This issue cannot be raised for the first time on appeal. *State of California Dept. of Mental Hygiene v. Bank of the Southwest National Association*, 163 Tex. 314, 354 S.W.2d 576 (1962). The Union's motion for rehearing is overruled.