**INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL UNION NO. 399, Appellants,**

v.

**The CITY OF BEAUMONT, Appellee.**

No. 09–88–010–CV.

Court of Appeals of Texas, Beaumont.

Dec. 29, 1988.

Rehearing Denied Jan. 18, 1989.

Thad Heartfield, Beaumont and George M. Kirk, Houston, for appellants.

Gary L. Bledsoe, Austin, and Lane Nichols, for appellee.

## OPINION

DIES, Chief Justice.

Plaintiff Union brought suit for injunctive and declaratory relief from an ordinance which repealed an earlier ordinance. The repealed ordinance was enacted following a successful public referendum and provided binding arbitration in collective bargaining impasses between the Union and the City of Beaumont. From a judgment which authorized the repeal, the Union perfects this appeal.

The Union has several points of error, but the conflict between the parties is whether the repealing ordinance conflicts with state law, and if it does, whether the City, a Home–Rule Municipality chartered under *TEX.REV.CIV.STAT.ANN. art. 1165* (Vernon 1963), *now TEX.LOC.GOV'T CODE ANN. secs. 9.001, 9.002 & 9.005* (Vernon 1988), has such power.

The statute involved is the Fire and Police Employee Relations Act (hereinafter "the Act"), *TEX.REV.CIV.STAT.ANN. art. 5154c–1* (Vernon 1987). The Act gives firefighters and policemen "the right to organize for purposes of collective bargaining, for collective bargaining is deemed to be a fair and practical method for determining wages and other conditions of employment...." *Section 2(b)(1)*. The Act prohibits strikes and provides two "reasonable alternatives" to the right to strike, a) "a system of arbitration conducted under adequate legislative standards" and b) "judicial enforcement of the requirements of this Act...." *Section 2(b)(2)*. *Section 5* of the Act provides for the adoption or rejection of the Act *by the voters*.

*Section 9(a)* provides that where an impasse is reached in the collective bargaining process, either party may request arbitration, but *Section 10(b)* states: "Although the policy of this Act favors and encourages the parties to elect voluntary arbitration, *nothing contained herein shall be deemed a requirement for compulsory arbitration.*" (emphasis added)

*Section 16* of the Act provides:

"Should a public employer choose not to elect arbitration when arbitration has been requested by an association pursu-ant to Sections 9, 10, and 11 hereof, on the application of the association, the state district court of the judicial district in which a majority of the affected employees reside shall have full power, authority and jurisdiction to enforce the requirements of Section 4 hereof as to any unsettled issue relating to compensation and/or other terms and conditions of employment for firefighters and/or policemen."

*Section 20(a)* of the Act provides:

"This Act shall supersede all conflicting provisions in previous statutes concerning this subject matter; to the extent of any conflict the previous conflicting statutory provision is hereby repealed; and this Act shall preempt all contrary local ordinances, executive orders, legislation, rules, or regulations adopted by the state or by any of its political subdivisions or agents, such as, but not limited to, a personnel board, a civil service commission, *or a home-rule municipality.*" (emphasis added)

Therefore, clearly, when this Act is accepted by the voters it can only be rejected by the voters. No ordinance can be legally enacted by the governing body of a city which conflicts or is inconsistent with the statute. *See Royer v. Ritter*, 531 S.W.2d 448, 450 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.), and the many authorities cited therein. We are aware that *Section 16* of the Act has been held unconstitutional. *International Ass'n Firefighters Local 2390 v. City of Kingsville*, 568 S.W.2d 391 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Since the constitutionality of the Act is not challenged in this appeal, however, we make no comment on this decision.

Binding arbitration is not required by the Act; hence, repeal of the binding arbitration requirements was not inconsistent with the Act. The judgment of the trial court is affirmed.

AFFIRMED.