CITY OF PORT ARTHUR,
Texas, Appellant,

v.

INTERNATIONAL ASSOCIATION OF
FIRE FIGHTERS, LOCAL
397, Appellee.

No. 09–90–007 CV.

Court of Appeals of Texas,
Beaumont.

April 18, 1991.

Rehearing Denied May 2, 1991.

Doyle Curtis, Asst. City Atty., Port Arthur, Brian R. Davis, Austin, Robert Q. Keith, Keith & Keith, Johnson City, for appellant.

B. Craig Deats, Van Os, Deats, Rubinett & Owen, P.C., Austin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

This is a summary judgment case on undisputed facts. The City of Port Arthur, Texas, appellant which may be subsequently referred to in this opinion as "City" or "appellant", filed suit for declaratory judgment. International Association of Firefighters, Local 397, appellee, referred to in this opinion as "the Association" or "appellee", filed a counter-claim for the same relief. Both appellant and appellee moved the trial court for summary judgment.

The Association and the City unsuccessfully engaged in contract negotiations concerning the terms and conditions of employment of the Firefighters employed by the City. The Association requested that the City submit all unagreed issues to binding interest arbitration. The City refused to do so.

Pursuant to TEX. LOCAL GOV'T CODE ANN. § 9.004 (Vernon 1988), the Association submitted a petition to the City bearing the signatures from the requisite number of

voters calling for submission to the City's voters a proposed amendment to the City's charter. This proposed amendment was titled "Proposition No. 3" which shall subsequently be set out verbatim. The thrust of Proposition No. 3 was to require the City, upon request by the Association, to submit collective bargaining impasses to interest arbitration for binding resolution in accordance with the procedures set forth in the Tex.Rev.Civ.Stat.Ann. art. 5154c–1 (Vernon 1987). Upon receiving the Association's petition, the City Council, pursuant to Tex.Local Gov't Code Ann. § 9.004 (Vernon 1988), determined to submit to the voters on the same ballot a second proposed charter amendment which is also set out verbatim hereinafter. This proposed charter amendment was titled "Proposition No. 1" which provided for non-binding arbitration of collective bargaining impasses.

The two propositions are as follows:

## PROPOSITION NO. 1

SHALL THE CITY CHARTER BE AMENDED BY ADDING:

Upon declaration of impasse, all unresolved issues in collective bargaining negotiations between the association recognized as the exclusive bargaining agent for the Firefighters pursuant to state statute and the City of Port Arthur shall be submitted to a panel of three independent arbitrators who shall render a nonbinding decision for resolution of the issues. Specific procedures and guidelines for arbitration shall be developed by the City Council and established by City ordinance.

## PROPOSITION NO. 3

SHALL THE CITY CHARTER BE AMENDED BY- ADDING:

Collective bargaining agreements between the City of Port Arthur and the Association recognized as the exclusive bargaining agent for the Firefighters pursuant to VERNON'S ANNOTATED CIVIL STATUTES OF TEXAS, ARTICLE 5154c–1 et seq. shall include the following:

In the event that the City of Port Arthur and the Association have reached an impasse as defined under VERNON'S ANNOTATED CIVIL STATUTES OF TEXAS, ARTICLE 5154c–1, § 9.

(a) Either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request arbitration not more than once during any fiscal year. In the event that one party makes a request for arbitration, then both parties shall submit all issues in dispute to arbitration. The issues to be submitted to arbitration shall be all matters which the parties have been unable to resolve through collective bargaining.

(b) Arbitration invoked under this article shall be conducted by the parties pursuant to the procedures, duties, requirements and rights set forth in VERNON'S ANNOTATED CIVIL STATUTES OF TEXAS, ARTICLE 5154c–1, §§ 9, 10, 11, 12, 13, 14 and 15; except that VERNON'S ANNOTATED CIVIL STATUTES OF TEXAS, ARTICLE 5154c–1, § 10(b) shall be specifically excluded and not apply herein.

If any subsection, sentence, clause or phrase of this section or the application of same to a particular person, or to a particular set of circumstances, should for any reason be held invalid, such invalidity shall in no way affect the remaining portions of this section and to such end the various portions and provisions of this section are declared to be severable.

Proposition No. 1 was passed by a majority of the voters voting in that City election by a vote of 2,529 (FOR) and 2,048 (AGAINST). Proposition No. 1 called for mandatory, nonbinding arbitration of labor disputes between the City and the Association.

At the same election the voters also passed Proposition No. 3 by a vote of 2,206 (FOR) and 2,085 (AGAINST). Proposition 3 called for mandatory binding arbitration

of labor disputes between the City and the Association.

Upon certification of the election results, the Association, at impasse with the City in bargaining contract negotiations, demanded binding arbitration under the Charter Amendment. The City declined to enter into arbitration and brought this suit for a declaratory judgment that Proposition No. 3 was void. The Association then cross-sued for a declaratory judgment that Proposition No. 3 is valid and for the issuance of a Writ of Mandamus to compel the City to submit to binding arbitration. Both the City and the Association moved for summary judgment with exhibits and legal memoranda. The trial court granted the Association's motion for summary judgment declaring Proposition No. 3 to be valid and further directing the issuance of a mandamus against the City. Appellant, City, timely filed its notice of appeal and suspension of judgment pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 6.002(b) (Vernon Supp. 1991) and brings this appeal. Both appellant and appellee seem to agree that the trial court declared Proposition No. 1 void however, the only evidence of such a declaration is contained in a memorandum of opinion given by the trial court which is not in the form of a judgment. We may presume, however, that the trial court's overruling of the City's motion for summary judgment in some way resolved that question. We make it clear at the outset that neither appellant nor appellee makes an issue as to the status of Proposition No. 1 therefore, neither shall this Court other than to observe that appellant's efforts to adopt Proposition No. 1 was precisely what the City is now contending is improper for appellee to do. Proposition No. 1 as proposed by the City would have amounted to an amendment of art. 5154c–1 § 13(c) which makes the decision of the arbitration board final and binding which we believe to be clearly impermissible.

Appellant brings three points of error which we shall set out as stated:

## POINT OF ERROR NO. 1

The trial court erred in granting the Union summary judgment because Proposition 3 is preempted by general law and, therefore, void;

## POINT OF ERROR NO. 2

The trial court erred in granting the Union summary judgment because Proposition 3 is irreconcilably inconsistent with Article 5154c–1 and, therefore, void;

## POINT OF ERROR NO. 3

The trial court erred in issuing a writ of mandamus to compel the City Council of Port Arthur to enter into binding arbitration.

To simplify an understanding of the two propositions and art. 5154c–1, we set forth the following:

"Proposition No. 1" called for mandatory, non-binding arbitration of labor disputes between the City and the Association;

"Proposition No. 3" called for mandatory, binding arbitration of labor disputes between the City and the Association;

Article 5154c–1 calls for voluntary arbitration which becomes final and binding.

Thus we observe three distinct approaches to the arbitration question.

Any reference in this opinion to the "Act" shall be a reference to art. 5154c–1, known as the *Fire and Police Employee Relations Act*. Section 5 of the Act sets out the procedure by which any city, town, or other political subdivision may by vote of the people adopt the Act. Appellant, City of Port Arthur, had previously by election adopted to come under the provisions of the Act. By the same token, the Act also provides that should any city, town or political subdivision in which the provisions of the Act have been in effect for a period of one year, may by election repeal the adoption of such Act.

It is therefore, clear that whether or not the Act shall be applicable and governing in a city, town or other political subdivision depends upon the will of the voters.

In accordance with TEX.LOCAL GOV'T CODE ANN. § 9.005, the City Council entered an order in the City's records declar-

ing that both charter amendments had been adopted into the City Charter. Pursuant to the Act, the parties had by written agreement extended collective bargaining until May 31, 1989 at which time this extension ended without the parties reaching an accord on new collective bargaining agreements and an impasse was reached. Appellee, in accordance with Proposition No. 3, now a part of the City Charter, requested the City to enter into binding interest arbitration pursuant to provisions of the Act.

The trial court, not by judgment but by memorandum of opinion, found that Proposition No. 1 conflicts with the Act and was, therefore, unenforceable. The court further found that Proposition No. 3 did not conflict with the Act and was, therefore, valid and binding on the City. It is from this ruling that the City appeals. We perceive this case as being the concluding act of *Jones v. International Ass'n of Firefighters*, 601 S.W.2d 454 (Tex.Civ.App.–Corpus Christi, 1980, writ ref'd n.r.e.).

The similarity of our case to the *Jones* case is compelling, even to the point of appellee's apparent tracking portions of the proposed amendment to the charter of the City of Corpus Christi.

In *Jones*, the City of Corpus Christi was a home rule city under the law of the state of Texas, like appellant herein. In 1975 the qualified voters of the city of Corpus Christi in a duly held election, lawfully adopted the provisions of art. 5154c–1 which had not been repealed at the time of the *Jones* decision. The International Association of Firefighters presented a petition to the city secretary of Corpus Christi bearing the signatures of more than 5% of the qualified voters of the city, such petition requesting that a proposal be submitted to the qualified voters of the city as a charter amendment to require compulsory binding arbitration at the request of either party in the event an impasse had been reached in the collective bargaining negotiations. The city council adopted a resolution refusing to call an election for the purpose of voting on the proposed charter amendment.

The cause was submitted to the trial court on stipulated facts and the trial court granted the Firefighters' request for writ of mandamus from which the City appealed.

Due to the unique similarity of our case to the *Jones* case, and the reliance by the *Jones* court, on *International Association of Firefighters, Local No. 2390 v. City of Kingsville*, 568 S.W.2d 391 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), we revisit each.

For simplicity we shall refer to those two cases as either the *Kingsville* case or the *Jones* case.

For determination by the *Kingsville* court was the question of whether or not § 16 of art. 5154c–1 was unconstitutional as to the guidelines it provides to district courts for resolving disputes after an employer has rejected arbitration. Section 16 reads as follows:

> Should a public employer choose not to elect arbitration when arbitration has been requested by an association pursuant to Sections 9, 10, and 11 hereof, on the application of the association, the state district court of the judicial district in which a majority of the affected employees reside shall have full power, authority, and jurisdiction to enforce the requirements of Section 4 hereof as to any unsettled issue relating to compensation and/or other terms and conditions of employment for firefighters and/or policemen. The court costs of any such action, including costs for a master if one is appointed, shall be taxed against the public employer. In the event the court finds the public employer in violation of Section 4 hereof, it shall: (1) order the public employer to make the affected firefighters and/or policemen whole as to their past losses; (2) declare the compensation and/or other terms and conditions of employment required by Section 4 hereof for the period as to which the parties had been bargaining, but not to exceed a period of one year, and (3) award the employees' association reasonable attorney's fees.

Section 4 provides as follows:

> Cities, towns, and other political subdivisions within the State employing fire-

fighters and/or policemen shall provide those protective service employees with compensation and other conditions of employment that are substantially the same as compensation and other conditions of employment which prevail in comparable private sector employment; therefore, compensation and other conditions of employment for those employees shall be based on prevailing private sector wages and working conditions in the labor market area in other jobs, or portions of other jobs, which require the same or similar skills, ability, and training, and which may be performed under the same or similar conditions.

The *Kingsville* court held § 16 unconstitutional as it did not provide sufficient and adequate standards to guide district courts in resolving impasses brought about by recalcitrant employers. The *Kingsville* court cited the general rule that the legislature cannot impose a function upon the judiciary that is legislative in nature, but also recognized in the same breath an exception to the rule. The legislature may, however, delegate to a subordinate body the duty to administer and enforce its legislative function as long as the legislature prescribes sufficient and adequate standards to guide the discretion conferred. The *Kingsville* court was apparently structuring courts as subordinate bodies of the legislature which needless to say was improper. If that court was referring to Home Rule Cities as subordinate, then we have no quarrel.

The *Kingsville* court concluded that the Texas Legislature failed to provide such standards to guide district courts in their discretion. We can only presume that from 1978 to the present, trial courts across Texas, faced with similar issues involving § 16, have no doubt adhered to the *Kingsville* holding as we have found no other appellate court addressing the issue. This opinion shall end that drought.

We disagree with the decision in *Kingsville* that § 16 of the Act is unconstitutional. We take issue with the Corpus Christi court's finding that:

The guideline for directing the District Court's discretion, that compensation and conditions of employment shall be "substantially the same" as those that prevail in private sector employment, is too subjective to prevent arbitrary and unequal application of its provisions notwithstanding the enumeration of factors the Legislature prescribed for the courts to consider.

*Kingsville, supra* at 395.

■ In order for a court to find that a city is in violation of § 4, as is initially required under § 16, probative evidence must be presented by the employees. The employees certainly could not prevail should they fail to do so. The burden of proof is on the employees. If a trial court is satisfied, after considering all of the evidence presented, that a city is in violation of § 4, the Act permits the court to apply whatever facts and figures were supplied by the evidence in satisfaction of the Act's requirement under § 16. This is unquestionably a judicial function. Simply put, § 4 sets out a city's obligation to provide compensation for firefighters and/or policemen that is "substantially the same" as that in the private sector. Section 4 is a State policy mandate to cities, towns, and other political subdivisions to make compensation and conditions of employment for firefighters and/or policemen substantially the same as the private sector. Section 16 is the judicial enforcement provision of that duty. A district court reviews the evidence and makes a determination as to whether § 4 has been complied with. This is a legislative creation of a cause of action against employers whose offers violate § 4. Courts are not subordinate legislative bodies and the *Kingsville* court was in error in so stating. However, as mentioned earlier, our trial court relied heavily on the precedential value of the *Kingsville* case and the *Jones* case. We feel compelled, therefore, to address the issue as we sense that all of the parties in the instant case have been groping in the dark for an answer.

We are compelled to discuss the constitutional issue for another reason; that being a significant flaw in the reasoning of the

*Kingsville* court. The *Kingsville* court recognized that the language of § 16 was intrinsically intertwined with the language of § 4. Indeed, it was actually the language of § 4 that gave the *Kingsville* court the most concern; ultimately finding that the language of § 4 provided insufficient guidance for district courts. For this reason, the *Kingsville* court found that the stated exception to the general rule prohibiting the legislature from imposing a legislative function on the judiciary did not apply. Recall that the exception is that so long as the legislature provides sufficient guidelines to the subordinate body (district court), then the legislature may delegate to this subordinate body the duty to administer and enforce its legislation. Carrying the *Kingsville* rationale to its logical conclusion, any section in the Act that provides for administration and/or enforcement of § 4 by a "subordinate body" would also be unconstitutional. Section 13(a) of the Act, dealing with the scope of the arbitrators' authority, begins with the following sentence:

It shall be the duty of the arbitration board to render an award in accordance with the requirements of Section 4 of this Act.

Section 13(c) is the portion of the Act that requires the decision by the arbitration board be "final and binding upon the parties, ..." The arbitration board is a "subordinate body" and, as such, would be subject to the same standard as the district court if the reasoning in *Kingsville* were put into full effect. The result would be to declare § 13 unconstitutional also because of the lack of guidance in § 4. The *Kingsville* decision even calls into question the basic sufficiency of the language in § 4 for use by a city or an employee's association as a guide in setting compensation and benefits. To our Pandora's Box we are unwilling to apply the *Kingsville* key.

We now look at *Jones* and its effect upon our present appeal. As previously stated, *Jones* was one step short of our present case in that *Jones* was required to make a determination of the validity of the proposed ordinance *prior* to same being offered to the voting public for approval or disapproval. The *Jones* court took the position that the firefighters could not be refused an election on the issue unless it appeared that the subject matter of the proposed charter amendment was not legislative in character or that the subject matter of the proposed charter amendment has been withdrawn from the field in which the initiatory process is operative. The *Jones* court and the parties agreed that the case of *Glass v. Smith*, 150 Tex. 632, 244 S.W.2d 645 (1951) is the leading authority on the issue. Justice Calvert, writing for the Supreme Court, set out several methods by which the initiatory process could be limited. Beginning with the initial premise that "the power of initiative and referendum ... is the exercise by the people of a power reserved to them, and not the exercise of a right granted, *and that in order to protect the people of the city in the exercise of this reserved legislative power, such charter provisions should be liberally construed in favor of the power reserved....* (emphasis ours). *Glass, supra,* 150 Tex. at 648, 649, 244 S.W.2d 645. Justice Calvert then sets forth the limitations affecting that authority. One such limitation being that the initiatory process may be limited by general law. Article XI § 5 of the Texas Constitution provides that no city charter shall contain any provision inconsistent with the general laws of this State. It then follows, according to the *Smith* case, that the legislature may, by general law, withdraw a particular subject from the field in which the initiatory process is operative. A further limitation may be placed upon that reserve power by the city itself by a charter's provision for withdrawing from the people the power under the initiative provisions to deal with a particular subject matter.

In *Jones*, the parties agreed that there was no provision either expressed or implied in the city charter which would limit the initiative process in question. In *Jones*, the city does not contend nor does the *Jones* court find an express provision contained in the general laws of this State precluding the initiative process in that case. However, *Jones* seems to be an ef-

fort at filling in a void left by the *Kingsville* court's determination that § 16 of the Act was unconstitutional. We do not feel this to be a legitimate purpose for finding our Proposition No. 3 to be within those powers reserved to the people.

■ We feel compelled to look at Proposition No. 3 as approved by the majority of the voters of the City of Port Arthur only from the standpoint of whether or not the Act itself expressly or impliedly preempts such determination by the voters. We believe that if the legislature by enacting art. 5154c–1 intended to limit the authority of a home rule city in its initiative process then the legislature would have made that intention unmistakably clear. *See, City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex.1964). We read the *Glass* case to say that such a limitation will not be implied unless the provisions of general law or of the charter are clear and compelling to that end. *Glass, supra* 150 Tex. at 649, 244 S.W.2d 645. We agree with *Jones* when it says that there is no provision in art. 5154c–1 that is so clear and so compelling and written with such unmistakable clarity as to require a conclusion that the legislature impliedly limited the power of the home rule city to propose on its own initiative a charter amendment containing the same subject matter as the one before the *Jones* court and the one before this court.

■ Looking at the effect of the Act, assuming the unconstitutionality of § 16, along with appellant's contention that the Act preempts the field of legislation and that the initiative process is not available to give effectual meaning to the Act, then the Act has been rendered nothing more than a "Collective Begging" Statute. There is no recourse left to the party seeking arbitration. The party refusing arbitration, receives all of the benefits of the Act and the party requesting arbitration receives all of the burdens of the Act. We again state, however, that this effect is not in and of itself justifiable reason for upholding Proposition No. 3. Proposition No. 3 must stand "muster" regardless of the constitutionality or unconstitutionality of § 16. Appellant contends that Proposition No. 3

is an absolute repeal of § 10(b) of the Act. We, again, disagree with the City as did the *Jones* court.

Section 10(b) of the Act must be viewed and interpreted in a manner which promotes the overall policy of art. 5154c–1. Section 2 of the Act sets forth that policy and we give particular observance to § 2(b)(3) which provides:

> With the right to strike prohibited, it is requisite to the high morale of firefighters and policemen, and to the efficient operation of the departments which they serve, *that alternative procedures be expeditious, effective, and binding.* To that end, the provisions of this Act should be liberally construed. (emphasis ours).

If appellants are correct, and we believe they are not, then the underlying policy bringing about the creation of the Act has been defeated. The legislature intended that the firemen and policemen be given a proper, adequate and meaningful alternative to the right to strike and we perceive that alternative to be procedures which will be "effective, and binding". We do not believe this to be preemptive language either expressed or by implication. No reading of § 10(b) would lead us to a conclusion that the Act absolutely forbids mandatory and binding arbitration should the electorate through initiative process and through their reserved power elect to do so. Section 10(b) only encourages the parties to elect voluntary arbitration and even though that section does not require compulsory arbitration it is, never-the-less, non-prohibitive of the peoples' exercise of their reserved power through the initiatory process.

The voters of the City of Port Arthur have approved the amendment to the City Charter by majority vote. Certainly, if the majority of those voting citizens in the City of Port Arthur have the reserved power and authority to adopt or repeal the Act in toto, a fortiori do those citizens retain that reserved power to make an unworkable provision of that Act workable.

For the reasons set forth herein, we overrule appellant's points of error one, two and three.

■ We now address appellee's cross-point of error which alleges that the trial court erred in denying appellee's request for attorney's fees and cost.

Appellant contends that appellee's request for attorney's fees should be denied on two bases: first, that appellant is immune from such an award while acting in its governmental capacity; and second, that the granting or denying of attorney's fees to appellee must be viewed from an "abuse of discretion" standard.

We agree with appellant's second position only since appellant did not raise governmental immunity in the trial court.

The denial of an award of attorney's fees under TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986) can only be overturned on appellate review if there has been an abuse of discretion by the trial court. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). Reversal for an abuse of discretion is justified only where the "trial court's decision was arbitrary and unreasonable." *Simon v. York Crane & Rigging Company, Inc.*, 739 S.W.2d 793, 795 (Tex.1987).

This lawsuit was brought for the legitimate purpose of determining an unclear question existing under the law to which there was no clearly defined precedent or authority. Considering these factors, we cannot say that the trial court abused its discretion in denying appellee's request for attorney's fees. Appellee's cross-point of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.