John Amos CONLEY, M. D., Appellant,

v.

## TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.

### No. 1568.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 29, 1980.

Rehearing Denied Sept. 25, 1980.

Thomas G. Sharpe, Jr., Brownsville, for appellant.

Bill Campbell, Asst. Atty. Gen., Austin, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment of the trial court affirming an order of the Texas Board of Medical Examiners revoking the license to practice medicine in Texas of John Amos Conley. We affirm.

After receiving evidence at a hearing, the Texas State Board of Medical Examiners revoked appellant's license to practice medicine based upon two findings. First, the appellant had rendered obstetrical medical care in a nontherapeutic manner to one of his patients in violation of Article 4505(4)(E) (1976).[1] Second, the appellant had been suspended from the staff of a licensed hospital (Brownsville Medical Center) because of his unprofessional conduct or incompetence likely to harm the public in violation of Article 4590i, § 2.11(2) (Supp. 1980). The trial court then reviewed the Board record which consisted of, among other things, testimony of several medical doctors, nurses and hospital administrative personnel, together with hospital records. Based upon that record, the trial court affirmed the Board's order.

1. All statutory references herein are based upon Texas Revised Civil Statutes Annotated.

Appellant's appeal of the Board's revocation order to the trial court was based upon Article 4506 (1976). At the outset, the trial court temporarily suspended the revocation until a full review of the order could occur. During that interim period, appellant continued to treat patients and attended two post–graduate seminars. At the hearing on the appeal from the Board, the trial court found that the Board's order had reasonable support in substantial evidence. The actions of appellant during the interim period were not considered by the trial court. Appellant brought this appeal of that order of the trial court affirming the action taken by the Board in revoking his license to practice medicine.

Appellant raises two points of error. The first point complains of the trial court's failure to hear additional evidence at the review of the Board's revocation of the appellant's license. In his second point, the appellant asserts error in that no expert testimony establishing the medical standards which were allegedly breached was introduced at the trial court hearing.

About appellant's first point of error, it is useful to examine the nature of an appeal of a license revocation by the Board. The proceeding in the trial court, like other appeals from orders of administrative agencies, is now guided by the substantial evidence rule. Article 4506 (1976). See *International Ass'n of Firefighters, etc. v. City of Kingsville*, 568 S.W.2d 391 (Tex.Civ. App.–Corpus Christi 1978, writ ref'd n. r. e.). Prior to a change in the statute in 1967, an appeal from an order of an administrative agency was in the form of a trial de novo. See *Scott v. Tex. State Bd. of Medical Examiners*, 384 S.W.2d 686 (Tex. Sup.1964).

On appeal, the reviewing court will not substitute its judgment for that of the agency. *Texas Oil & Gas Corp. v. Railroad Comm'n*, 575 S.W.2d 348 (Tex.Civ.App.– Austin 1978, no writ). Challenges to the constitutionality of Article 4506 have been overruled. *Garcia v. Tex. State Bd. of Medical Examiners*, 384 F.Supp. 434 (D.C. 1974), aff'd, 421 U.S. 995, 95 S.Ct. 2391, 44

L.Ed.2d 663; *Thompson v. Tex. State Bd. of Medical Examiners*, 570 S.W.2d 123 (Tex. Civ.App.–Tyler 1978, writ ref'd n. r. e.); *Martinez v. Tex. State Bd. of Medical Examiners*, 476 S.W.2d 400 (Tex.Civ.App.–San Antonio 1972, writ ref'd n. r. en), appeal dism'd, 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312.

■ The order of the Board is presumed to be valid unless the appealing party can show that the order appealed from is not reasonably supported by substantial evidence existing at the time of the entry of the order. *Thompson v. Tex. State Bd. of Medical Examiners*, supra. The evidence must have been in existence at the time of the hearing before the Board, even though such evidence may not have been introduced at the hearing. *Kelley v. Tex. State Bd. of Medical Examiners*, 530 S.W.2d 132 (Tex.Civ.App.–Fort Worth 1975, writ ref'd n. r. e.). This rule permits the trial court to review all evidence which would have been material to the issues and that was in existence at the time of or prior to the hearing by the Board.

■ Appellant in this case asks this Court to review evidence that was not in existence at the time of the Board hearing. Appellant apparently treated many patients and attended some post–graduate medical seminars in the period between the hearing by the Board in which the license was revoked and the time the appeal was heard by the trial court. Such evidence cannot be considered by us.

We note that the Administrative Procedure Act (Article 6252–13a et seq.) does empower the trial court to order an administrative agency to hear additional evidence, which was in existence but not presented at the original hearing, if such evidence is material and there is good reason given why the evidence was not presented at the hearing. Appellant, however, failed to meet either the test of materiality or of good cause. See *Texas Oil & Gas Corp. v. Railroad Comm'n*, supra; *Independence S & L v. Gonzales County S & L*, 568 S.W.2d 463 (Tex.Civ.App.–Austin 1978, writ ref'd n. r. e). Appellant's first point of error is overruled.

■ Appellant's second point of error, that of the non–existence of expert medical standards presented at the Board hearing by which to judge the appellant's conduct, has no basis. Appellant would have us require the Board to introduce expert testimony about medical standards that had been breached. Such establishment of medical standards may be a requirement in other types of suits against medical doctors, but the establishment of standards is unnecessary before a Board composed of medical specialists, as here. Even so, there was considerable testimony before the Board by members of the medical profession that pointed to a substantial deviation by the appellant from acceptable medical standards of administering medical services to the public. Appellant's second point is overruled.

The judgment of the trial court is affirmed.